**Paul James GRUDZIEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46150.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

Emmett Colvin, Jr. and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of the unlawful sale of a narcotic drug, to-wit: marihuana. Punishment was assessed at 23 years.

The evidence shows that on the date of the offense herein an undercover agent went to the appellant's apartment. The agent told appellant he wanted to buy some "weed." The appellant went upstairs to his bedroom and when he returned he had with him one pound of marihuana which he sold to the agent. The appellant was arrested and his apartment searched; the search revealing various amounts of marihuana found in the apartment.

Two grounds of error are urged. The first attacks the constitutionality of Article 725b, Vernon's Ann.P.C., because it classifies marihuana as a narcotic drug.

The same contention has been urged previously and rejected by this court. See, e. g., Coyne v. State, Tex.Cr.App., 485 S. W.2d 917; Sanders v. State, Tex.Cr.App., 482 S.W.2d 648; Cook v. State, Tex.Cr. App., 467 S.W.2d 421. The first ground of error is overruled.

Secondly, appellant contends that the court erred in overruling the objection to the court's charge wherein the court charged that it is unlawful to "manufacture, possess, sell, prescribe, administer, dispense, or compound" any narcotic drugs.

The charge tracks the statute (725b, V. A.P.C.). The charge further informs the jury that "if you believe from the evidence in this case, beyond reasonable doubt, that the defendant, . . . did . . . then and there unlawfully *sell* any quantity of marihuana to . . . ." (Emphasis supplied). By so doing the trial court restricted the appellant's guilt to the finding by the jury of the sale.

In light of that instruction we are unable to agree with appellant that he was in any manner injured by the general statement of the law which the trial court gave. Rodriguez v. State, 166 Tex.Cr.R. 86, 311 S.W.2d 412. However, compare suggested charge in Willson's Texas Criminal Forms, 7th Ed., Section 3539.

There being no reversible error, the judgment is affirmed.