Darryl Elroy STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. 50966.

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

Francis L. Williams, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and George O. Jacobs, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for aggravated robbery; the punishment is imprisonment for 6 years.

The evidence is that the appellant and another man committed the robbery; the other man exhibited a gun during the robbery. The jury was charged on the theory of principals.

The appellant does not challenge the sufficiency of the evidence, and in his one ground of error he urges that "the trial court abused its discretion by overruling defendant's objection and exception to the charge of the court . . ."

The appellant complains of the court's definition of the term "deadly weapon." Specifically the appellant argues:

"In the case at Bar the record and the evidence does not show nor was any evidence introduced to prove that the gun exhibited by the unknown person allegedly with Appellant was a deadly weapon. The record is absent of any proof whatsoever as to whether the said gun was designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or that there was anything in the manner of its use or intended use was capable of causing death or serious bodily injury."

The court charged the jury "by the term 'deadly weapon' is meant a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or anything that in the manner of its use or intended use is capable of causing death or serious bodily

injury." See V.T.C.A. Penal Code, Sec. 1.07(a)(11).

■ Although the court might merely have charged that the term "deadly weapon" includes a firearm without instructing on the rest of the definition, we perceive no harm that resulted from giving the full statutory definition of a deadly weapon. See *Rodriguez v. State*, 166 Tex.Cr.R. 86, 311 S.W.2d 412 (1958). The court also instructed the jury that before the appellant could be convicted of aggravated robbery it would have to find beyond a reasonable doubt that during the robbery a pistol was exhibited and that it was a deadly weapon. The evidence concerning exhibiting a gun in this case is sufficient to show that a firearm was exhibited. A firearm is by definition a deadly weapon.

The appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.