Pedro RODRIGUEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13-87-351-CR.

Court of Appeals of Texas, Corpus Christi.

March 24, 1988.

E. Dale Robertson, Brownsville, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Pedro Rodriguez, Jr., guilty of attempted murder, and assessed punishment at two years confinement in the Texas Department of Corrections. Appellant presents six points of error for review.

■ By his first point of error, appellant alleges that there is a variance between the jury's verdict and the judgment regarding the use of a deadly weapon. In its charge to the jury at the close of the guilt-innocence stage of the trial, the court submitted the following special issue:

In the event that you have found appellant guilty, and only in that event, answer the special issue: otherwise, do not answer the Special Issue.

Do you find from the evidence beyond a reasonable doubt that the defendant, Pedro Rodriguez, Jr., used a firearm during the commission of the offense for which you have found him guilty.

The jury answered, "We do."

In response to the jury's answer to this issue, the trial court included in the judgment an affirmative finding that appellant used a deadly weapon. Appellant argues that the jury's verdict alleges the use of a "firearm" and not a deadly weapon. We disagree.

Tex.Penal Code Ann. § 1.07(a)(11) (Vernon 1974) defines a "deadly weapon" as:

(A) *a firearm* or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury ... (emphasis added).

Further, a firearm has been categorized as a deadly weapon *per se. Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985); *Stewart v. State*, 532 S.W.2d 349, 350 (Tex. Crim.App.1976). Also, the court in *Polk* held that if an indictment specifically places the issue of the use of a deadly weapon before the trier of fact, then an affirmative finding is *de facto* made when the defendant is found guilty "as charged in the indictment." *Polk*, 693 S.W.2d at 394. The indictment by which appellant was charged specifically alleged that appellant used a firearm in attempting to cause the death of the complainant, and the jury found appellant guilty of the offense of attempted murder "as charged in the indictment." Consequently, the trial court properly included an affirmative finding that appellant used a deadly weapon in the judgment. Appellant's first point of error is overruled.

By his third and fourth points of error, appellant complains that the trial court committed fundamental error by impermissibly commenting on the weight of the evidence. Appellant failed to object to the allegedly improper comments. Consequently, nothing is presented for review. *White v. State*, 601 S.W.2d 364, 366 (Tex. Crim.App.1980); *Marini v. State*, 593 S.W. 2d 709, 716 (Tex.Crim.App.1980); *Hovila v.*

*State,* 562 S.W.2d 243, 249 (Tex.Crim.App. 1978).

By his fifth point of error, appellant complains of the trial court's action in overruling his objection to the prosecutor's jury argument at the close of the guilt-innocence stage of the trial. The following statements were made by the State's attorney during jury argument.

Finally, Ladies and Gentlemen, I want you just to imagine this: If you return a verdict of not guilty in this situation in light of the evidence, will that not mean that an individual can walk across a public area with a loaded gun, by his own testimony, to protect himself?

That was his testimony, remember, to protect himself and to—

[DEFENDANT'S ATTORNEY]: Your Honor, I'm going to object. He's requesting the jury to convict him because he had a gun, Your Honor.

THE COURT: Overruled.

[STATE'S ATTORNEY]: And then go on further and shoot an unarmed man, are you not in fact authorizing or is that not putting out a message to the community in general that this is all right? You can take matters like this into your own hands?

■ Proper jury argument must fall within at least one of the following four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel or (4) plea for law enforcement. *Modden v. State,* 721 S.W.2d 859, 862 (Tex.Crim.App. 1986). Appellant testified at trial that immediately prior to the charged offense, he walked across a public park carrying a loaded gun for protection. The prosecutor's argument is proper because it falls into the first category of summation of the evidence. It may also be viewed as a plea for law enforcement. To constitute reversible error, jury argument must be extreme or manifestly improper or inject new and harmful facts into evidence. *Denisen v. State,* 651 S.W.2d 754, 762 (Tex.Crim.App. 1983). We hold that the complained of argument does not constitute reversible error when viewed in context of the entire

argument and keeping in mind the evidence presented. Appellant's fifth point of error is overruled.

■ By his second and sixth points, appellant complains that the trial court committed fundamental error in instructing the jury on the law of parole and the effect of good conduct at the punishment phase of the trial. Giving such a charge is error. *Rose v. State,* No. 193-87 (Tex.Crim.App. Nov. 12, 1987) (not yet reported). In *Rose,* a majority finds that the error does not automatically call for a reversal, but demands an *Almanza* analysis to determine whether the cause must be remanded for reassessment of punishment. *Rose,* slip op. at 15 n. 9 and *see also* slip op. at 2, 3 (Miller, J., concurring). *See Almanza v. State,* 686 S.W. 2d 157, 171 (Tex.Crim.App.1985) (opinion on rehearing).

In *Almanza* the court discusses the standards for reviewing both fundamental error and ordinary reversible error. When the error in the charge is properly preserved at trial by a timely objection, the case will be reversed if the accused suffered *some* harm as a result of the error. If the error was not preserved at trial by a timely objection the case will be reversed only if the error was so egregious and created such harm that the accused "has not had a fair and impartial trial." *Almanza,* 686 S.W.2d at 171. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.*

The record on appeal, in the instant case, is incomplete. The statement of facts of the punishment phase of the trial is not included, and we are unable to determine whether appellant properly objected to the court's charge.

Pursuant to Tex.R.App.P. 50(d) (Vernon Pamph.1988), the appellant has the burden to see that a sufficient record is presented to show error requiring reversal. Since appellant has not brought forth a complete statement of facts showing a timely objec-

tion to the court's charge, his error is unpreserved.

In light of the entire jury charge, the state of the evidence, the argument of counsel and all other relevant information revealed by the record of the trial, we find that appellant had a fair and impartial trial. Appellant was found guilty of attempted murder which is punishable by confinement for a term of not less than two years or more than twenty years with a fine not to exceed $10,000.00.

The jury assessed punishment at two years confinement with no fine. This sentence is the minimum which can be imposed under the circumstances. Although appellant requested but was denied probation, we do not find that appellant suffered egregious harm by the jury's refusal to probate his sentence. Points of error two and six are overruled.

All of appellant's points of error have been considered and are overruled.

The judgment of the trial court is AFFIRMED.