Ex parte Larry Charles FRANKLIN.

No. 70170.

Court of Criminal Appeals of Texas.

Sept. 21, 1988.

Larry Charles Franklin, pro se.

Jack Skeen, Jr., Dist. Atty., Christina E. Bryan, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Applicant pled guilty to the information after waiving indictment and was found guilty by the trial court on April 13, 1981, of the offense of murder, in Cause No. 1–81–152, in the 241st Judicial District Court of Smith County. See V.T.C.A., Penal Code § 19.02. His punishment was assessed by the court at life imprisonment in the Texas Department of Corrections. No direct appeal was taken.

Applicant raises two grounds for relief in his pro se application. The State has filed no response to the application. The trial court, without holding a hearing, has recommended that relief be denied. For the reasons given below, we agree with that recommendation and will deny relief.

In his first ground for relief, applicant claims that there was not a separate affirmative finding entered by the trial court in addition to the recitation of the offense for which the defendant was convicted. The applicant is relying on Article 42.12 § 3f(a)(2), V.A.C.C.P.,[1] which instructs that an affirmative finding concerning the use or exhibition of a deadly weapon must be specifically entered in the judgment of the court.

The opinion in *Brooks v. State*, 722 S.W. 2d 140 (Tex.Cr.App.1986) clarified what a trial court must do in order to perfect an affirmative finding under § 3f(a)(2). There, we held:

1. Now see Art. 42.12, § 3g(a)(2), V.A.C.C.P.

Such an affirmative finding is not a recitation of the offense in the judgment with the words 'deadly weapon', 'firearm used', or other similar phrases added to the offense for which a defendant is convicted. Nor is an affirmative finding made and entered when the judgment reflects the verdict of the jury and that verdict refers to a weapon.... If the trial court is the trier of fact at the punishment phase, then the affirmative finding should be made and entered as prescribed by *Fann*, supra.

*Id.* at 142. See *Fann v. State*, 702 S.W.2d 602 (Tex.Cr.App.1986). See also *Mendez v. State*, 724 S.W.2d 77 (Tex.Cr.App.1987). *Fann*, supra, in turn, provides that:

[W]hen the punishment hearing is held before the trial judge, the trial judge is the trier of fact as to the punishment issues. An affirmative finding can be and is perhaps more suited to be a punishment issue.

■ This is precisely the procedure followed in the instant case. The trial judge was the trier of fact at the punishment stage and properly entered the affirmative finding "separately" from the verdict of the jury. See *Brooks*, supra. The sentencing document reflects that the trial judge entered his finding as follows:

It is affirmatively found by the Court that the Def. (sic) used or exhibited a deadly weapon during the commission of the offense hereinabove described or during immediate flight therefrom. It is further affirmatively found that such deadly weapon was a firearm, to-wit: a Shotgun, and a knife.[2]

Applicant also points out that the finding "was not signed by anyone". The record reflects otherwise. Also appearing on the sentencing document is the name and bench of the presiding trial judge. It appears as follows: "Glenn S. Phillips, Presiding Judge of the 241st Jud. Dist. Court of Smith Co., Texas." Moreover, the record reflects that the affirmative finding

was entered the same date as the judgment and sentence by the trial judge on the docket sheet on April 13, 1981. This affirmative finding is in the proper form. Cf. *Brooks*, and *Fann*, both supra.

■ In applicant's second ground for relief, he claims that the trial judge did not have authority to enter a finding since none of the three methods set out in *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985) were met. His reliance on *Polk*, supra, is untenable. In the instant case applicant pled guilty to the court and requested that the court assess punishment. *Polk*, supra, deals with situations in which the jury, and not the trial court, is the trier of fact at the punishment stage. *Polk*, supra, is therefore modified by *Fann*, supra, when, as in the case at bar, the trial court is the trier of fact in determining a response to the deadly weapon and firearm question. See *Polk*, supra, at 396.

In *Fann*, supra, at 605, it was held that consistent with *Polk*, supra, where, as in the instant case, "the trial judge is the trier of fact at the punishment stage and he has heard evidence on the issue, *he has the authority to make an affirmative finding as to the use or exhibition of a deadly weapon if the jury has not decided the matter.* By including such an affirmative finding in the judgment, the court, in essence, responds to the special issue concerning the use or exhibition of a deadly weapon". [emphasis added]

Applicant cites *Ex Parte Thomas*, 638 S.W.2d 905 (Tex.Cr.App.1982), as additional authority for the proposition that the trial court was without authority to enter the affirmative finding. However, *Thomas*, supra, was another case in which the jury was the trier of fact at the guilt/innocence stage and at the punishment stage of trial. For that reason it was held that the trial judge did not have the authority to make an affirmative finding on an issue of fact. *Thomas*, supra, at 907. Here, as earlier

**2.** It is interesting to note that applicant does not question the trial court's recitation of "a knife" within the affirmative finding. His ground for relief is phrased simply in terms of whether a shotgun is a deadly weapon per se. It is well established that a knife is not a deadly weapon per se. *Tisdale v. State*, 686 S.W.2d 110 (Tex. Cr.App.1984); *Denham v. State*, 574 S.W.2d 129 (Tex.Cr.App.1978); *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975).

shown, the trial judge acted as trier of fact at the punishment stage of trial and therefore, did have the authority to enter the affirmative finding.

Given the above facts, we hold that the trial court in the instant case, by acting as fact finder in the punishment stage of trial, possessed the authority to enter the affirmative finding and did so in the prescribed manner. Cf. *Fann*, supra.

An interrelated issue under this ground is the question of deficient notice within the context of due process. See *Ex Parte Patterson*, 740 S.W.2d 766 (Tex.Cr.App. 1987). Even though we have resolved that the trial court had the authority to enter the affirmative finding under *Fann*, supra, the question remains whether applicant was afforded notice that an affirmative finding would be sought in this cause.[3] In *Patterson*, supra, it was held that where the indictment has failed to allege that a deadly weapon was used or is per se a deadly weapon, the accused has no way of knowing that such a finding may even be made until the special issue required by *Polk*, supra, has been submitted to the jury, or the trial court acting as fact finder, enters the affirmative finding in the judgment. Therefore, the accused must be put on notice that the State will be seeking an affirmative finding.

In the instant case, the information stated that:

LARRY CHARLES FRANKLIN did then and there unlawfully intentionally and knowingly cause the death of an individual, to-wit: CLIFFORD McDOUGAL by stabbing him with a knife and shooting him with a shotgun.

The information did not allege the shotgun as a deadly weapon. Therefore, in determining whether applicant was given sufficient notice under *Patterson*, supra, the issue is whether or not a shotgun is a deadly weapon per se. This is a question

of first impression as it deals with issues of affirmative findings.

V.T.C.A., Penal Code, § 1.07(11) defines a deadly weapon as:

(A) a *firearm* or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury;

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. (emphasis added)

Black's Law Dictionary defines a deadly weapon per se as, "A weapon which of itself is deadly or one which would ordinarily result in death by its use; e.g. gun. *Baylor v. State*, 151 Tex.Crim. 365, 208 S.W.2d 558 (Tex.Cr.App.1948)." Black's Law Dictionary (5th Ed.1979).

In turn, V.T.C.A., § 46.01(3) defines "firearm" as:

any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Firearm does not include antique or curio firearms that were manufactured prior to 1899 and that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter.

This Court has held that the § 46.01(3) definition of *firearm* may be used to assist in understanding "deadly weapon" in the context of other offenses, as defined in V.T.C.A., Penal Code, § 1.07(11). *Vaughn v. State*, 600 S.W.2d 314 (Tex.Cr.App. 1980). Moreover, this Court has held a firearm to be a deadly weapon by definition. *Stewart v. State*, 532 S.W.2d 349 (Tex.Cr.App.1976). Furthermore, a shotgun used as a "firearm" is a deadly weapon. *Deneaner v. State*, 58 Tex.Crim. 624, 127 S.W. 201 (1910); *Kendall v. State*, 8 Tex.App. 569 (1880). Moreover, V.T.C.A.,

---

**3.** The applicant has presented us with a pro se application. His allegations are phrased partly in layman's terms. Therefore, in the interest of justice, we interpret applicant's statement of, "Petitioner was not charged by indictment with

a 'deadly weapon' and cannot be found guilty of something he was not charged with" as a claim of deficient notice. See *Ex Parte Patterson*, 740 S.W.2d 766 (Tex.Cr.App.1987).

Penal Code § 46.01(3). Black's Law Dictionary further defines firearm as:

An instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it. A weapon which acts by force of gunpowder. This word comprises all sorts of guns, fowling-pieces, blunderbusses, pistols, etc. In addition, grenade shells, fuses and powder may be considered 'firearm' even though disassembled.

Black's Law Dictionary (5th Ed.1979).

Further statutory definitions also lend authority to the premise that a shotgun is a firearm. V.T.C.A., Penal Code § 46.06(a)(3) provides that a short-barrel firearm is a prohibited weapon. V.T.C.A., Penal Code, § 46.01(10) provides that a "'short-barrel firearm' means ... a shotgun with a barrel length of less than 18 inches, or any weapon made from a shotgun or rifle if, as altered, it has an overall length of less than 26 inches." Therefore, according to the statutory provisions and prior decisions of this Court, a shotgun has been interpreted to be a firearm.

Prior decisions of this Court have held particular firearms to be deadly weapons per se. A 30–30 caliber rifle was held to be a deadly weapon per se. *Bravo v. State*, 627 S.W.2d 152 (Tex.Cr.App.1982). A pistol is a deadly weapon per se. *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.1977); *Valle v. State*, 438 S.W.2d 583 (Tex. Cr.App.1969).

In *Gomez v. State*, 685 S.W.2d 333 (Tex. Cr.App.1985), Judge McCormick writing for the majority applied the "firearm" analysis in holding that a revolver is per se a deadly weapon. In *Gomez*, supra, the defendant presented the contention that a revolver was not a firearm as a matter of law and therefore the evidence was insufficient to sustain his conviction. The majority opined that:

A revolver is defined in Ballantine's Law Dictionary as '[a] firearm with short barrel, to be held in firing with one hand; a deadly weapon.' Ballantine's Law Dic-

tionary (3d Ed.1969). Therefore, we hold that a revolver is a firearm. Since a firearm is a *deadly weapon per se* under V.T.C.A., Penal Code, § 1.07(a)(11)(A), and a revolver is a firearm, the State sustained its burden of proof as to the firearm allegation and no fatal variance is present.

*Id.* at 336. Therefore, by applying the definition of a "revolver," this Court held a revolver to be a deadly weapon per se since it is a firearm by definition.

In regard to the issue of a shotgun being a deadly weapon *per se*, this Court has held a shotgun to be a deadly weapon *per se* in determining the *intent* of a criminal defendant to commit a particular crime. In *Lerma v. State*, 679 S.W.2d 488 (Tex.Cr. App.1982), the defendant was convicted of murder. At trial defendant testified that he and his companions were being pursued by some men with whom they had argued. The defendant claimed he was trying to shoot the shotgun in the air to scare the men away and he did not know until his arrest several hours later that someone had been shot. Lerma argued on appeal that the court's charge was erroneous in failing to include a charge on the offense of aggravated assault. The Court stated that it "has repeatedly held that when death has resulted, a defendant is entitled to a charge on aggravated assault only when there is evidence of a lack of intent to kill and the weapon used was not deadly per se or deadly in the manner of its use." The Court then held a shotgun to be a deadly weapon per se, citing *Stewart*, supra.[4] *Id.* at 493. See also *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979) [defendant held not to be entitled to charge on aggravated assault since he killed the deceased with a deadly weapon per se, i.e., a shotgun.] *Stallings v. State*, 476 S.W.2d 679 (Tex.Cr.App.1972), [since a shotgun is a deadly weapon per se, the defendant was guilty of murder with malice.]

In determining the intent factor, this Court has relied on the manner in which

---

**4.** A careful reading of *Stewart* evidences that the Court was relying on *Stewart's* discussion of a firearm being a deadly weapon by definition.

The weapon in controversy in *Stewart* was a pistol. A shotgun was not discussed.

the shotgun was used. In *Flanagan v. State*, 675 S.W.2d 734 (Tex.Cr.App.1984), the State relied on the fact that a shotgun is a deadly weapon per se, unless in the manner of its use it is reasonably apparent that death or serious bodily injury could not result. Judge Teague, writing for the Court, stated:

> [W]e agree with the State that those are sound and reasonable principles of law. However, whether a valid inference from a given set of facts, where one person shoots at another with a shotgun, may be deduced to reflect a specific intent to kill depends upon the factual context in which the shooting occurred.... It is therefore clear from the above decisions of this Court that before the specific intent to cause the death of another person, may be inferred from the firing of a shotgun by one person at or toward another person, it must additionally be shown that the firing of the shotgun occurred with the capacity and under such circumstances as are reasonably calculated to produce the death of the other person. However, each case must be viewed in its own setting.

The decision in *Burks v. State*, 145 Tex. Crim. 15, 165 S.W.2d 460 (1942), also relied on the manner of use in holding a shotgun to be a deadly weapon per se. In *Burks,* supra, the defendant shot at the victim at a distance of 75 feet, scattering shot which pierced the complainant's hat and sleeve. The shotgun was held to be, in the manner used, a deadly weapon per se.

■■■ Contrary to a trier of fact's determination of an actor's culpability of a primary offense, in making an affirmative finding determination the fact finder is not concerned with an actor's *intent in using* a deadly weapon during or immediately after the commission of an offense. The specific issue in an affirmative finding is whether a deadly weapon, firearm or other, *was used or exhibited* during commission of the offense. However, prior opinions regarding the manner and means of the weapon's use are instructive, because analysis in those cases begins with a general proposition that a shotgun is a *per se* deadly weapon. In regard to the issue of affirmative findings, we may accept the general proposition that a shotgun is a deadly weapon per se, without disturbing our holdings regarding an actor's culpability as to the underlying offense. Consequently, for purposes of the notice issue, prior case law stands for the proposition that a shotgun is a per se deadly weapon. Therefore, applying the analysis that a shotgun is a firearm by definition, and a firearm is a deadly weapon per se by statute; [5] and our previous holdings in regard to the general proposition that a shotgun, unless otherwise demonstrated, is a deadly weapon per se, we hold that a shotgun is a deadly weapon per se for purposes of Art. 42.12, 3f(a)(2).[6]

We now turn to the issue of whether appellant received adequate notice. Recent decisions of this Court have answered similar allegations. In *Carrasco v. State*, 750 S.W.2d 222, (Tex.Cr.App.1988), the verdict form utilized made no reference to a deadly weapon and the Court was not the trier of the facts. The defendant alleged that he did not have proper notice through the indictment or otherwise that the State would be seeking an affirmative finding. See *Patterson*, supra. The indictment included the language "by shooting the complainant with a handgun." The defendant was found guilty as charged in the indictment. We held that the defendant had proper notice of the finding because a handgun is a deadly weapon per se. See *Ex Parte Campbell*, 716 S.W.2d 523 (Tex. Cr.App.1986). In *Carrasco*, we noted that *Patterson*, supra, held:

> that where the State intends to seek an affirmative finding that the crime alleged involved the use or exhibition of a deadly weapon, the due course of law requires the State give notice thereof. The opinion by Judge Clinton, with two judges concurring in the result, held that notice was not necessarily required to be

---

5. V.T.C.A., Penal code § 1.07(a)(11)(A).

6. This holding applies with equal force to the non-substantive amending of § 3f(a)(2) as found in § 3g(a)(2).

in the indictment, but it may be given there and preferably in a separate paragraph. A concurring opinion by Judge Miller, in which two judges joined, held that adequate and timely notice, if not in the indictment, should be evidenced in the record in some other manner.

It was held in *Carrasco*, supra, that the defendant was put on notice by the allegation in the indictment that the defendant committed murder by shooting with a handgun. He further had notice that if the State had proved all the elements of the alleged offense there would be an adequate basis for an affirmative finding of a deadly weapon by the trier of fact since a handgun is a deadly weapon per se. We find the reasoning in *Carrasco*, supra, to be persuasive in the instant case.

 In applying our holding that a shotgun is a deadly weapon per se, we hold further that applicant had sufficient notice that the State would be seeking an affirmative finding due to the allegation in the information "by shooting him with a shotgun." See *Patterson*, and *Carrasco*, both supra. The relief requested is denied. A copy of this opinion shall be forwarded to the Texas Department of Corrections and to the Texas Board of Pardons and Paroles. It is so ordered.

ONION, P.J., and CLINTON and TEAGUE, JJ., dissent.