Campos-E v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-355-CR

        EVERADO CAMPOS,

                                                                                       Appellant
        v.

        THE STATE OF TEXAS,

                                                                                       Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-89-C
                                                                                                    

O P I N I O N
                                                                                                    

          Everado Campos was indicted for the first-degree felony offense of injury to a child. Tex.
Penal Code Ann. § 22.04 (Vernon 1994). The indictment alleged that Campos "intentionally
and knowingly engage[d] in conduct that caused disfigurement and deformity and serious physical
and mental deficiency and impairment to [the child-victim] by burning him, and said defendant
used and exhibited a deadly weapon, to-wit: an iron, that in the manner of its use and intended use
was capable of causing death and serious bodily injury, in the course of the same criminal
episode." 
          On October 6, 1994, Campos entered a plea of nolo contendere. He signed a "Waiver of
Jury Trial, Stipulation of Evidence and Judicial Confession, Felony Plea of Nolo Contendere." 
His judicial confession tracked the language of the indictment. Campos stipulated that he had
intentionally and knowingly engaged in the conduct charged and that he had exhibited a deadly
weapon, an iron, that was capable of causing death and serious bodily injury. The court accepted
Campos' plea and found the evidence sufficient to establish his guilt. The court delayed entering
a finding of guilt and ordered a pre-sentence investigation.
          On December 7, a visiting judge found Campos guilty and sentenced him to seventy-five
years in prison. The following then took place:
          [DEFENSE]: If it please the Court, [Campos] would like to consider his appeal rights,
and possibly let the Court know at a later time if he wants to appeal.
          COURT:       You do have the right to appeal, and if you do not have an attorney or the
money to employ one, the Court at your request will appoint an attorney to
prosecute your appeal in your behalf. Do you understand that?
          [CAMPOS]:   Yes.
          COURT:       Is there anything further. [Prosecution], do you have anything?
          [STATE]:      No, your Honor. Judge, one thing, is there a deadly weapon finding on
that?
          COURT:       There is no deadly weapon finding.
(Emphasis added). The visiting judge subsequently signed a judgment and sentence which
included a deadly-weapon finding.
          Campos appeals on three points. As a general rule, a plea of guilty or nolo contendere
without a plea-bargain agreement waives all nonjurisdictional defects occurring prior to the entry
of the judgment. See Jack v. State, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994). However,
Campos asserts that his first point may be addressed because it involves a "scrivener's error"
which occurred after entry of his plea. See id. at 743-44. He asserts that his second and third
points may be addressed because his plea was not voluntarily and knowingly made. Shallhorn v.
State, 732 S.W.2d 636, 637 (Tex. Crim. App. 1987).
DEADLY WEAPON FINDING
          Campos' first point asserts that the judgment and sentence should be reformed to reflect
the trial court's finding that he did not use or exhibit a deadly weapon during the commission of
the offense, citing Asberry v. State, 813 S.W.2d 526, 529-31 (Tex. App.— Dallas 1991, pet.
ref'd). The State asserts that the visiting judge made an "inadvertent mistake" and "misspoke"
when he stated that there was no deadly-weapon finding. The State also asserts that written orders
control over oral pronouncements, citing Montoya v. State, 832 S.W.2d 138, 140 (Tex.
App.—Fort Worth 1992, no pet.); Manz v. State, 787 S.W.2d 580, 582 (Tex. App.—Houston [1st
Dist.] 1990, no pet.).
          Article 42.12, Section 3g(a)(2) of the Code of Criminal Procedure provides that an
affirmative finding of the use of a deadly weapon may be made:
 . . . when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was
used or exhibited during the commission of a felony offense or during immediate flight
therefrom, and that the defendant used or exhibited the deadly weapon or was a party to
the offense and knew that a deadly weapon would be used or exhibited. On an affirmative
finding under this subdivision, the trial court shall enter the finding in the judgment of the
court. . . .
Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 1996). An "affirmative
finding" requires an express determination by the trier of fact that a deadly weapon was used or
exhibited during the commission of the offense. Polk v. State, 693 S.W.2d 391, 396 (Tex. Crim.
App. 1985). An "implied" finding is not an "express" finding. Hooks v. State, 860 S.W.2d 110,
112 (Tex. Crim. App. 1993).
          In a jury case, the court is authorized to enter an affirmative finding in only three
situations: when the jury has (1) found the defendant "guilty as charged in the indictment" and the
indictment alleged the use of a "deadly weapon"; (2) found the defendant "guilty as charged in the
indictment" and the indictment alleged the use of a per se deadly weapon; or (3) affirmatively
answered a special issue on deadly weapon use. Davis v. State, 897 S.W.2d 791, 793 (Tex. Crim.
App. 1995) (citing Polk, 693 S.W.2d at 396). When a jury makes an affirmative finding of the
use of a deadly weapon, the trial judge has a ministerial duty to enter that finding in the judgment. 
State ex rel. Esparza v. Paxson, 855 S.W.2d 170, 172 (Tex. App.—El Paso 1993, no pet.). 
          When the trial judge is the trier of fact on punishment, he has the authority to make an
affirmative finding on the use of a deadly weapon. Ex parte Franklin, 757 S.W.2d 778, 780 (Tex.
Crim. App. 1988); Fann v. State, 702 S.W.2d 602, 604 (Tex. Crim. App. 1986) (on rehearing). 
The trial judge must make a "separate and specific affirmative finding" of the use of a deadly
weapon. Hooks, 860 S.W.2d at 114.


 
          The indictment alleged the use of a deadly weapon, and Campos stipulated that he had used
a deadly weapon. The court found "sufficient evidence to establish [Campos'] guilt" but did not
find him guilty; rather, it ordered a pre-sentence investigation. The visiting judge found Campos
"guilty" and assessed punishment at seventy-five years with the express statement: "There is no
deadly weapon finding." Thereafter, the sitting judge signed a judgment with an affirmative
finding that a deadly weapon had been used.
          Although this was not a jury trial, we believe the cases interpreting the Polk requirements
are instructive. Polk, 693 S.W.2d at 396. The court did not pronounce Campos "guilty as
charged in the indictment" under either of the first two prongs of Polk. Id.; see State ex rel.
Esparza, 855 S.W.2d at 172 (nunc pro tunc order should be entered to show affirmative finding
when indictment alleged that a sock was a deadly weapon and jury found the defendant "guilty of
murder as charged in the indictment"); Clark v. State, 754 S.W.2d 499, 500-01 (Tex. App.—Fort
Worth 1988, no pet.) (trial court correct in entering nunc pro tunc judgment to include affirmative
finding of deadly weapon when indictment alleged use of a per se deadly weapon and jury found
defendant "guilty . . . as charged in the indictment"). 
          As to the third prong, the court's written judgment does contain a "separate and specific
affirmative finding" of the use of a deadly weapon. Hooks, 860 S.W.2d at 114. However, that
written finding is contrary to the court's oral pronouncement. The Fort Worth and Dallas Courts
of Appeal have dealt with similar situations—when the trial judge, as the trier of fact on
punishment, says nothing during the sentencing hearing about a deadly-weapon finding, but later
enters a judgment with such a finding. In Turner v. State, the trial judge commented on the
defendant's use of a deadly weapon (a hammer), but did not specifically state that the defendant
had used a deadly weapon. 866 S.W.2d 117, 117 (Tex. App.—Fort Worth 1993, no pet.). Four
days later, however, the court entered a judgment which included a deadly-weapon finding. Id. 
The following day, the court set aside the judgment, conducted a new sentencing hearing, stated
his finding of a deadly weapon, and entered a second judgment worded exactly like the first. Id.
at 117-18. The Fort Worth Court rejected Turner's appellate complaints "because the rules do not
require the trial court to pronounce a deadly weapon finding at a sentencing hearing. . . The only
requirement of an affirmative finding of deadly weapon is that the trial court enter the finding in
its judgment." Id. at 118. Similarly, the Dallas Court held that when a defendant pleads guilty
to an indictment charging use of a deadly weapon, the court need not orally pronounce the finding
but can subsequently make the finding in its written judgment. Alexander v. State, 868 S.W.2d
356, 361 (Tex. App.—Dallas 1993, no pet.); Marshall v. State, 860 S.W.2d 142, 143 (Tex.
App.—Dallas 1993, no pet.). 
          Here, unlike those cases, the sentencing judge did not remain silent on whether a deadly-weapon finding would be made. Instead, in response to a direct question by the State, the judge
specifically stated that no deadly weapon finding would be made. As the trier of fact on
punishment, the judge had authority to make an affirmative finding of a deadly weapon. Ex parte
Franklin, 757 S.W.2d at 780. Although Campos was indicted for the use of a deadly weapon and
pled nolo contendere to the accusations, we believe the making of an affirmative finding was
within the court's discretion. See Hooks, 860 S.W.2d at 112 n.4 (although court found defendant
guilty of an aggravated assault which alleged the use of a deadly weapon, the court placed the
defendant on probation and thus no deadly-weapon finding would be implied). 
          The State argues that the recitations in the written judgment are presumed to be correct and
regular absent a record which affirmatively reflects that an error occurred. Breazeale v. State, 683
S.W.2d 446, 449-50 (Tex. Crim. App. 1985) (on rehearing). We believe that the record of the
sentencing hearing affirmatively reflects that the court did not make a deadly-weapon finding. 
          Under these facts, we do not believe the court's written judgment accurately reflects the
court's decision to not make an affirmative deadly-weapon finding. We sustain point one.
          An appellate court has authority to reform a judgment to include an affirmative finding to
make the record speak the truth when the matter has been called to its attention. French v. State,
830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (approving Asberry, 813 S.W.2d at 531). The
authority of the appellate courts to reform judgments is not limited to those situations involving
mistakes of a clerical nature. Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); Tex.
R. App. P. 80. 
          Because we believe the judgment erroneously includes an affirmative finding of the use of
a deadly weapon, we order the affirmative finding stricken from the judgment and reform the
judgment to delete the improper finding. Davis, 897 S.W.2d at 794.
INEFFECTIVE ASSISTANCE OF COUNSEL
          Campos' second point asserts that his plea was not knowingly and voluntarily made because
he did not receive effective assistance of counsel. For a plea of guilty or nolo contendere to be
knowing and voluntary, it must be made with full understanding of what the plea connotes and of
its likely consequences. Boykin v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d
274 (1969). If the plea was made as a result of ineffective assistance of counsel, it is not
knowingly and voluntarily made. Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). 
          The test for ineffective assistance of counsel during the plea bargaining process is whether
counsel's representation fell below an objective standard of reasonableness and this deficient
performance prejudiced the defense. Ex parte Battle, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991). 
The burden of proving ineffective assistance of counsel rests with the defendant by a
preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 
A strong presumption exists that counsel rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment. Stafford v. State, 813 S.W.2d 503,
506 (Tex. Crim. App. 1991). Stated another way: Counsel's competence is presumed and the
party asserting ineffective assistance must rebut this presumption by proving that his attorney's
representation was unreasonable under prevailing professional norms and that the challenged
action was not sound trial strategy. See id. 
          Campos was indicted for the first-degree felony of injury to a child. The range of
punishment was five years to ninety-nine years or life with a possible $10,000 fine. Photographs
were introduced at the plea hearing, as were exhibits containing medical records and police
reports. Campos testified at the plea hearing that he had never been convicted of a felony. The
record reveals that Campos asked to be placed on deferred adjudication.
          Campos asserts that trial counsel should have known that the court would assess a lengthy
prison term and that reasonable counsel would not have held out hope that Campos would receive
deferred adjudication. He argues that the State's exhibits cast doubt on whether the State could
have produced an eyewitness to the offense; thus casting doubt on whether the State could have
proven him guilty without his judicial confession. He also asserts that the trial court's
appointment of a Spanish-speaking interpreter calls into question trial counsel's assertions that he
was able to effectively communicate with Campos.
          Campos asserts that trial counsel should have reviewed the photographs of the victim's
injuries before they were introduced at the plea hearing. There is nothing in the record to reflect
that trial counsel did not examine the photographs. The court admonished Campos on the range
of punishment and the voluntariness of his plea. Trial counsel represented to the court that he had
discussed possible defenses with Campos, that he had talked to several witnesses who had turned
out to be character witnesses, and that he had spoken to Campos numerous times at the jail or on
the telephone. When the court asked Campos whether he had had problems understanding or
conversing with his trial counsel, Campos responded, "No." 
          We are limited to the record before us on direct appeal. Campos acknowledges that claims
of ineffective assistance of counsel are often best developed through motions for new trial and
applications for writs of habeas corpus. See State v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim.
App. 1993); Ex parte Duffy, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980). Such proceedings
provide the defendant an opportunity to expand the record by developing facts concerning the
alleged ineffectiveness. For example, in the habeas corpus proceeding in Ex parte Battle, the
defendant produced the affidavit of trial counsel establishing that counsel had given him improper
advice about his eligibility for probation. 817 S.W.2d at 83. Because Battle's plea was based on
the erroneous advice of counsel that he was parole-eligible,


 the Court found trial counsel
ineffective. Id. at 84.
          We do not have anything in the record to indicate the reasoning or strategy of trial counsel. 
Unlike Battle, we do not have the testimony of trial counsel admitting that he gave erroneous
advice. Id. at 83. Given the record before us, we cannot determine that Campos has met his
burden to prove that trial counsel's representation fell below an objective standard of
reasonableness and that this deficient performance prejudiced his defense. Id. at 84. We overrule
point two.
ADMONISHMENTS
          Campos' third point asserts that his plea was not voluntarily and knowingly made because
the court did not comply with the required naturalization admonishment. Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon 1989 & Supp. 1996). Article 26.13(a)(4) provides that, prior to
accepting a plea of guilty or nolo contendere, the court shall admonish the defendant of:
the fact that if the defendant is not a citizen of the United States of America, a plea of
guilty or nolo contendere for the offense charged may result in deportation, the exclusion
from admission to this country, or the denial of naturalization under federal law.
Id. art. 26.13(a)(4). 
          The court admonished Campos as follows:
          COURT:       Do you further understand that if you are not a citizen of the United States
of America that a plea of nolo contendere may result in deportation, the
exclusion of admission to this country, or the denial of citizenship under the
United States Constitution? Do you understand that?
 
          [CAMPOS]:   Yes.
Campos argues that the court's use of the language "denial of citizenship under the United States
Constitution" rather than use of the statutory language "denial of naturalization under federal law"
constitutes a failure to admonish. Morales v. State, 872 S.W.2d 753, 755 (Tex. Crim. App.
1994). 
          The complete failure to comply with the admonishment required under article 26.13(a)(4)
requires reversal. Id. However, article 23.13(c) provides that "substantial compliance" is
sufficient unless the defendant affirmatively shows that he was not aware of the consequences of
his plea and that he was misled or harmed by the court's admonishment. Tex. Code Crim. Proc.
Ann. art. 26.13(c); Morales, 872 S.W.2d at 754. 
          We believe that the court substantially complied with the statutory admonishment.


 Tex.
Code Crim. Proc. Ann. art. 26.13(c); Morales, 872 S.W.2d at 754. Thus, we find that a prima
facie showing was made that Campos' plea was knowingly and voluntarily made. See Morales,
872 S.W.2d at 754. Campos has not affirmatively shown that he was misled or harmed by the
court's substantially correct admonition. Tex. Code Crim. Proc. Ann. art. 26.13(c). We
overrule point three.
          Having reformed the judgment to delete the affirmative finding of use of a deadly weapon,
we affirm the judgment as reformed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reformed and affirmed
Opinion delivered and filed July 17, 1996
Publish



family: 'CG Times', serif">Publish
[CR25]