COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-04-343-CR

 

 

EDWARD RAMIREZ                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Edward Ramirez was charged with possession with intent to deliver a controlled
substance, methamphetamine, of more than four grams but  less than two hundred grams.  Appellant entered a guilty plea, and the
jury found him guilty and assessed his punishment at eighteen years= imprisonment. After the
punishment phase, the jury made an affirmative finding that Appellant used or
exhibited a deadly weapon, to wit: a firearm, during the commission of or in
immediate flight from this offense.  In
his sole point, Appellant argues that the evidence is factually insufficient to
support the finding that the alleged weapon was a firearm.  We affirm.

Factual Background

Officer
Neerman, a Fort Worth police officer, stopped Appellant for speeding.  He approached the vehicle and asked
Appellant, who was driving, for his driver=s license. 
Appellant told the officer that he did not have his license and that the
car was a rental.  Officer Neerman asked
Appellant to step out of the vehicle, but Appellant refused.  Officer Neerman noticed what appeared to be a
Ametallic, silver-looking pistol@ in a plastic pocket in the driver=s side door of the car.  When Officer Neerman asked Appellant to put
his hands on top of the car, Appellant refused.  At this point, Officer Neerman grabbed Appellant=s right arm and put it behind his
back.  








After
Appellant was under control, Officer Neerman began to search Appellant for
additional weapons.  In Appellant=s front right pocket, Officer
Neerman found a magazine for a pistol which had live ammunition in it.  He also found a bag of crystalline substance
that he believed to be an illegal controlled substance.  Officer Neerman testified that, throughout
the search, Appellant continued to struggle. 
Officer Neerman stated that he had not seen a second weapon but that
Appellant=s Aactions were consistent with drawing a weapon out
of your waistband.@ 
When Officer Neerman searched Appellant=s waistband, he found Aa loaded 9 millimeter pistol with
the safety back and a live round.@  The search also
revealed other drugs and drug paraphernalia such as:  scales, a spiral notebook listing names of individuals and dollar
amounts, 50-100 little plastic baggies, over $1100 in cash, and
methamphetamine.  In the map pocket of
the driver=s door of the car, right next to
where Appellant had been seated, was a .380 loaded pistol; this was the same Ametallic silver-looking pistol@ that Officer Neerman had seen
when he asked Appellant to get out of the car.

A
civilian stopped his car to assist Officer Neerman in subduing and handcuffing
Appellant.  This witness testified that
he saw Athe gun@ in the waistband of Appellant=s pants, and that there was
another Agun@ in the side pocket of the car.

Standard of Review








In
reviewing the factual sufficiency of the evidence to support a conviction, we
are to view all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment, weighing all of the evidence, the contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  Id. at 484‑85. 
AThis standard acknowledges that
evidence of guilt can 'preponderate' in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.@ 
Id. at 485.  In other
words, evidence supporting a guilty finding can outweigh the contrary proof but
still be insufficient to prove the elements of an offense beyond a reasonable
doubt.  Id.  In performing a factual sufficiency review,
we are to give deference to the fact finder's determinations, including
determinations involving the credibility and demeanor of witnesses.  Id. at 481; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
We may not substitute our judgment for that of the fact finder's.  Zuniga, 144 S.W.3d at 482. 








A
proper factual sufficiency review requires an examination of all the
evidence.  Id. at 484, 486‑87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant's complaint on appeal. 
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

                                           Discussion

In
his sole point, Appellant argues that the evidence is factually insufficient to
support the finding that the deadly weapon used was a firearm as alleged in the
indictment, and therefore the evidence is not sufficient to support his
conviction.  Specifically, Appellant
complains that none of the witnesses were asked whether the weapons found were Afirearms@ and that the State presented no
evidence that either gun was a device designed, made, or adapted to expel a
projectile through a barrel by using the energy generated by an explosion or
burning substance or any device readily convertible to that use. Appellant
contends that without evidence that the weapon was an actual firearm or that it
was used or exhibited as such, the State did not muster sufficient evidence to support
the affirmative finding by the jury.

The
Texas Penal Code provides the following definition of Adeadly weapon@:

(17)  ADeadly weapon@ means:  

 

(A)  a firearm or anything manifestly designed, made, or adapted for
the purpose of inflicting death or serious bodily injury; or 

 








(B)  anything that in the manner of its use or intended use is capable
of causing death or serious bodily injury.

 

Tex. Penal Code Ann. ' 1.07(17) (Vernon Supp.
2004-05).  Additionally, a firearm is
defined as:

(3)    AFirearm@ means any device designed, made,
or adapted to expel a projectile through a barrel by using the energy generated
by an explosion or burning substance or any device readily convertible to that
use.

 

Id. ' 46.01(3) (Vernon 2003).

Appellant
alleges there was no testimony that a Apistol@ meets the statutory definition of a Afirearm.@  A firearm is a
deadly weapon per se.  See id.
' 1.07(a)(17)(A).  A pistol is also a deadly weapon per
se.  Lafleur v. State, 106 S.W.3d
91, 95 (Tex. Crim. App. 2003); Ex parte Franklin, 757 S.W.2d 778, 782
(Tex. Crim. App. 1988).








The
record demonstrates that Officer Neerman testified at length about the two
weapons that were found in Appellant=s possession. 
Officer Neerman stated that while speaking to Appellant, he noticed a
metallic, silver-looking pistol in the driver=s side car door. 
At trial he identified the weapon as a A.380 loaded pistol.@  Officer
Neerman testified that when he was searching Appellant=s person, Appellant Atook his left hand and was placing
it in his waistband like he was trying to pull something.@ 
Officer Neerman discovered a loaded 9 millimeter pistol in Appellant=s waistband.  Both pistols were admitted into evidence at
trial.

Viewing
all the evidence in a neutral light, favoring neither party, we conclude that
the evidence supporting the verdict, taken alone, is not too weak to support
the jury's determination beyond a reasonable doubt that Appellant used or
exhibited a firearm and that the contrary evidence is not so strong that
Appellant=s use or exhibition of a firearm
cannot be proven beyond a reasonable doubt. 
Thus, we hold that the evidence is factually sufficient to support the
jury=s finding that Appellant used or
exhibited a deadly weapon during the commission of the offense or during the
immediate flight therefrom.  See
Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (holding
testimony regarding the use of a revolver is sufficient to support a finding of
use and exhibition of a deadly weapon); Williams v. State, 980 S.W.2d
222, 225 (Tex. App.CHouston [14th Dist.] 1998, pet.
ref'd) (holding complainant's testimony that weapon was Ablack, metal‑like gun@ similar to a handgun constituted
factually sufficient evidence to support finding that firearm was used in
aggravated robbery).  We overrule
Appellant's sole point.

 

 

 








                                           Conclusion

We
affirm the trial court=s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGTON, J.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  September 15, 2005











[1]See Tex. R.
App. P. 47.4.