EDWARD RAMIREZ v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-343-CR

EDWARD RAMIREZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Edward Ramirez was charged with possession with intent to deliver a controlled substance, methamphetamine, of more than four grams but  less than two hundred grams.  Appellant entered a guilty plea, and the jury found him guilty and assessed his punishment at eighteen years’ imprisonment. After the punishment phase, the jury made an affirmative finding that Appellant used or exhibited a deadly weapon, to wit: a firearm, during the commission of or in immediate flight from this offense.  In his sole point, Appellant argues that the evidence is factually insufficient to support the finding that the alleged weapon was a firearm.  We affirm.

Factual Background

Officer Neerman, a Fort Worth police officer, stopped Appellant for speeding.  He approached the vehicle and asked Appellant, who was driving, for his driver’s license.  Appellant told the officer that he did not have his license and that the car was a rental.  Officer Neerman asked Appellant to step out of the vehicle, but Appellant refused.  Officer Neerman noticed what appeared to be a “metallic, silver-looking pistol” in a plastic pocket in the driver’s side door of the car.  When Officer Neerman asked Appellant to put his hands on top of the car, Appellant refused.  At this point, Officer Neerman grabbed Appellant’s right arm and put it behind his back.  

After Appellant was under control, Officer Neerman began to search Appellant for additional weapons.  In Appellant’s front right pocket, Officer Neerman found a magazine for a pistol which had live ammunition in it.  He also found a bag of crystalline substance that he believed to be an illegal controlled substance.  Officer Neerman testified that, throughout the search, Appellant continued to struggle.  Officer Neerman stated that he had not seen a second weapon but that Appellant’s “actions were consistent with drawing a weapon out of your waistband.”  When Officer Neerman searched Appellant’s waistband, he found “a loaded 9 millimeter pistol with the safety back and a live round.”  The search also revealed other drugs and drug paraphernalia such as:  scales, a spiral notebook listing names of individuals and dollar amounts, 50-100 little plastic baggies, over $1100 in cash, and methamphetamine.  In the map pocket of the driver’s door of the car, right next to where Appellant had been seated, was a .380 loaded pistol; this was the same “metallic silver-looking pistol” that Officer Neerman had seen when he asked Appellant to get out of the car.

A civilian stopped his car to assist Officer Neerman in subduing and handcuffing Appellant.  This witness testified that he saw “the gun” in the waistband of Appellant’s pants, and that there was another “gun” in the side pocket of the car.

Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can 'preponderate' in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id.
  In performing a factual sufficiency review, we are to give deference to the fact finder's determinations, including determinations involving the credibility and demeanor of witnesses.  
Id
. at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder's.  
Zuniga
, 144 S.W.3d at 482. 

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Discussion

In his sole point, Appellant argues that the evidence is factually insufficient to support the finding that the deadly weapon used was a firearm as alleged in the indictment, and therefore the evidence is not sufficient to support his conviction.  Specifically, Appellant complains that none of the witnesses were asked whether the weapons found were “firearms” and that the State presented no evidence that either gun was a device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Appellant contends that without evidence that the weapon was an actual firearm or that it was used or exhibited as such, the State did not muster sufficient evidence to support the affirmative finding by the jury.

The Texas Penal Code provides the following definition of “deadly weapon”:

(17) “Deadly weapon” means:  

(A)  a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or 

(B)  anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Tex. Penal Code Ann.
 § 1.07(17) (Vernon Supp. 2004-05).  Additionally, a firearm is defined as:

(3) “Firearm” means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.

Id
. § 46.01(3) (Vernon 2003).

Appellant alleges there was no testimony that a “pistol” meets the statutory definition of a “firearm.”  A firearm is a deadly weapon per se.  
See
 
id.
 § 1.07(a)(17)(A).  A pistol is also a deadly weapon per se.  
Lafleur v. State
, 106 S.W.3d 91, 95 (Tex. Crim. App. 2003); 
Ex parte Franklin
, 757 S.W.2d 778, 782 (Tex. Crim. App. 1988).

The record demonstrates that Officer Neerman testified at length about the two weapons that were found in Appellant’s possession.  Officer Neerman stated that while speaking to Appellant, he noticed a metallic, silver-looking pistol in the driver’s side car door.  At trial he identified the weapon as a “.380 loaded pistol.”  Officer Neerman testified that when he was searching Appellant’s person, Appellant “took his left hand and was placing it in his waistband like he was trying to pull something.”  Officer Neerman discovered a loaded 9 millimeter pistol in Appellant’s waistband.  Both pistols were admitted into evidence at trial.

Viewing all the evidence in a neutral light, favoring neither party, we conclude that the evidence supporting the verdict, taken alone, is not too weak to support the jury's determination beyond a reasonable doubt that Appellant used or exhibited a firearm and that the contrary evidence is not so strong that Appellant’s use or exhibition of a firearm cannot be proven beyond a reasonable doubt.  Thus, we hold that the evidence is factually sufficient to support the jury’s finding that Appellant used or exhibited a deadly weapon during the commission of the offense or during the immediate flight therefrom. 
 See Gomez v. State
, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (holding testimony regarding the use of a revolver is sufficient to support a finding of use and exhibition of a deadly weapon); 
Williams v. State
, 980 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding complainant's testimony that weapon was “black, metal-like gun” similar to a handgun constituted factually sufficient evidence to support finding that firearm was used in aggravated robbery).  We overrule Appellant's sole point.

Conclusion

We affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 15, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.