**Amos VAUGHN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58805.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 11, 1980.

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Mike Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced by proof of two prior convictions, was fixed at life.

In his first ground of error appellant contends it was error for the trial court to overrule his objection to the definition of "firearm" given in the jury charge. V.T.C.A., Penal Code Sec. 46.01 (3) provides:

"In this chapter:

" . . .

"(3) 'Firearm' means any devise designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Firearm does not include antique or curio firearms that were manufactured prior to 1899 and that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter."

The jury charge defined firearm in the language of the first part of this definition, but omitted the "antique or curio" exception. Appellant objected to this omission.

■ We first observe that the statutory definition by its terms applies to offenses in chapter 46. of the code, which contains weapons offenses. Appellant was prosecuted for aggravated robbery by using and exhibiting a deadly weapon, V.T.C.A., Penal Code Sec. 29.03. "Deadly weapon" as defined in Sec. 1.07(a)(11) of the code includes firearm. Although the definition of firearm in Sec. 46.01(3) does not expressly apply to Secs. 1.07(a)(11) and 29.03, that definition may be used to assist in understanding "deadly weapon" in the context of other offenses. Cf. *Mosley v. State*, 545 S.W.2d 144 (Tex.Cr.App.). When an assaultive use is made with the weapon, as in an aggravated robbery, the "antique" exception for possessory purposes of Sec. 46.-01(3) is of no importance. The robbery is equally aggravated when a deadly weapon is used regardless of its date of manufacture or whether it is an antique. The trial court did not err in overruling the objection to the charge.

■ In his other ground of error appellant contends the indictment is fundamentally defective. He asserts the phrase

"without the effective consent" is "so vague and uncertain as to fail to allege an offense." No motion to quash was filed. The position is without merit. *Feldman v. State*, 576 S.W.2d 402 (Tex.Cr.App.).

Finding no reversible error, the judgment is affirmed.