No. PD-0455-16
(No. 07-14-00155-CR in the Court of Appeals)

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

TETHERANCE JOHNSON                                    Appellant

v.

THE STATE OF TEXAS                                    Appellee

Appeal from Brazos County

\* \* \* \* \*

**APPELLANT TETHERANCE JOHNSON'S**

**PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

SHANE PHELPS
Attorney for Tetherance Johnson
State Bar No. 15907530

The Law Office of Shane Phelps, P.C.
400 North Washington
Bryan, Texas 77803
(979) 775-4100 (Telephone)
(979 775-4300 (Fax)
shane@shanephelpslaw.com

RECEIVED IN
COURT OF CRIMINAL APPEALS

June 1, 2016

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . 6

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . 6

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1. **Does the incidental use by a witness in an aggravated robbery trial of the term "gun" or "pistol" relieve the State of its duty to prove the essential element of the use or exhibition of a deadly weapon beyond a reasonable doubt where the State has alleged that the deadly weapon in question specifically was a "firearm" in its indictment and the jury was instructed on the definition of "firearm" in the Court's charge to the jury?**

2. **This Honorable Court should reexamine and overrule the summary holding by the Court of Criminal Appeals in *Wright v. State*, 591, S.W.2d 458 (Tex. Crim. App. 1979), that testimony using any of the terms "gun," "pistol," or "revolver" is sufficient to support a jury's finding that a deadly weapon was used in an aggravated robbery trial even where the State has assumed the additional burden of proving that the deadly weapon was specifically a "firearm."**

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1.   **The seminal case of *Wright v. State* was ill conceived and should be reexamined and overruled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9**

2.   **The State must prove what it alleges beyond a reasonable doubt . . . . 12**

3.   **"Gun" and "pistol" are much broader terms than "firearm" . . . . . . . . . . 14**

4.   **In Appellant's case, the "gun" or "pistol" may not have been a "firearm" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16**

5.   **Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18**

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    Opinion of the Court of Appeals

# INDEX OF AUTHORITIES

## Cases

*Franklin v. State, 659 S.W.2d 831 (Tex. Crim. App. 1983)* . . . . . . . . . . . . . . . *13*

*Gomez v. State*, 685 S.W.2d 333 (Tex. Crim. App. 1985) . . . . . . . . . . . *passim*

*Johnson v. State*, 2016 Tex. App. LEXIS 3390 (Tex. App. Amarillo 2016; not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,17

*Moore v. State*, 531 S.W.2d 140 (Tex. Crim. App. 1976) . . . . . . . . . . . . . . 13

*Price v. State*, 227 S.W.3d 264, 266 (Tex. App. – Houston [1st Dist.] 2007, pet. dism'd, untimely filed) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Rabb v. State*, 434 S.W.3d 613 (Tex. Crim. App. 2014; rev'd on other grounds at *Rabb v State*, 446 S.W.3d 892) . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) . . . . . . . .12

*Vaughn v. State*, 600 S.W.2d 314 (Tex. Crim. App. 1980) . . . . . . . . . . . . . . 15

*Wright v. State*, 591 S.W.2d 458 (Tex. Crim. App. 1979) . . . . . . . . .   *passim*

## Statutes

Section 46.01(3), Texas Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,15

Section 1.07(a)(17)(A), Texas Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## Other

*Ballantine's Law Dictionary* (3rd Ed. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

No. PD-0455-16

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS


TETHERANCE JOHNSON                                              Appellant

v.

THE STATE OF TEXAS                                              Appellee


\* \* \* \* \*

**APPELLANT TETHERANCE JOHNSON'S
PETITION FOR DISCRETIONARY REVIEW**


\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now Appellant Tetherance Johnson, by and through his attorney, and respectfully urges this Court to grant discretionary review of the above named case, pursuant to the rules of appellate procedure.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Tetherance Johnson requests oral argument. Appellant is respectfully requesting that the Court of Criminal Appeals reconsider a line of cases regarding sufficiency of the generic term "gun" to support convictions for aggravated robbery when the State specifically pleads "firearm." Given the complexity and significance of the issues, Appellant believes that oral argument would assist the Court in deciding this issue.

## STATEMENT OF THE CASE

Appellant was convicted of the offense of aggravated robbery in the 272nd District Court of Brazos County and sentenced by the jury to 15 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant appealed to the Court of Appeals for the Tenth District in Waco, but the appeal was transferred to the Court of Appeals for the Seventh District in Amarillo. On March 31, 2016, the court of appeals affirmed finding that the evidence was sufficient to support the jury's verdict of guilt.

## STATEMENT OF PROCEDURAL HISTORY

On March 31, 2016, the court of appeals affirmed Appellant's conviction for the offense of aggravated robbery in an unpublished opinion. Appellant received an extension of time to file his petition for

discretionary review on April 28, 2016, and his petition is due on June 1, 2016.

## GROUNDS FOR REVIEW

1.  **Does the incidental use by a witness in an aggravated robbery trial of the term "gun" or "pistol" relieve the State of its duty to prove the essential element of the use or exhibition of a deadly weapon beyond a reasonable doubt where the State has alleged that the deadly weapon in question specifically was a "firearm" in its indictment and the jury was instructed on the definition of "firearm" in the Court's charge to the jury?**

2.  **This Honorable Court should reexamine and overrule the summary holding by the Court of Criminal Appeals in *Wright v. State*, 591, S.W.2d 458 (Tex. Crim. App. 1979), that testimony using any of the terms "gun," "pistol," or "revolver" is sufficient to support a jury's finding that a deadly weapon was used in an aggravated robbery trial even where the State has assumed the additional burden of proving that the deadly weapon was specifically a "firearm."**

## ARGUMENT AND AUTHORITIES

Appellant was convicted of aggravated robbery by a Brazos County jury. (CR, Vol. 1, P. 210). The indictment alleged that Appellant "did then and there use or exhibit a deadly weapon, ***to wit: a firearm***." (CR, Vol. 1, P. 6); *emphasis added*. During the trial, the State made no attempt at all to prove that the "gun" used in the robbery was a "firearm" as alleged in the indictment. By happenstance, a number of references were made in

7

the course of the trial to the use of a "gun" or a "pistol." No attempt was made by the prosecutors to further prove that the "gun" or "pistol" used met the definition of "firearm." At the conclusion of the guilt/innocence portion of the trial, the Trial Court instructed the jury on the definition of a "firearm" as follows:

> A firearm means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.

(CR, Vol. 1, P. 203). This definition comes from Section 46.01(3) of the Texas Penal Code. The State did not object to including this definition in the Court's charge to the jury. The jury found Appellant guilty of aggravated robbery "as charged in the indictment." (CR , Vol. 1, P. 210). Appellant appealed to the Court of Appeals on the grounds that the evidence was insufficient to support the jury's implicit finding that a "firearm" was used. The Amarillo Court of Appeals affirmed and cited this language from *Wright v. State*, 591, S.W.2d 458 (Tex. Crim. App. [Panel Op.] 1979): "The Court of Criminal Appeals long ago held 'Testimony using any of the terms 'gun,' 'pistol,' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon was used.'" *Johnson v. State*, 2016

Tex. App. LEXIS 3390 (Tex. App. Amarillo Mar. 31, 2016; not designated for publication).

**1.      The seminal case of *Wright v. State* was ill conceived and should be reexamined and overruled.**

The genesis for the proposition that the State can meet its obligation to prove beyond a reasonable doubt that a firearm was used in the commission of an aggravated robbery without actually having to prove that a firearm was used (as opposed to the more generic "deadly weapon") appears to be the very short and summary disposition of the issue in *Wright* cited by the Amarillo Court of Appeals in affirming Appellant's conviction. *Wright* was decided in 1979, 37 years ago.

*Wright* was decided by a panel of judges, not the entire Court of Criminal Appeals. The issue raised by the appellant in that case, that the State failed to prove what it had alleged (specifically, a firearm), was disposed of by the Court in one paragraph of a two-page opinion. In addressing an argument almost identical to the issue Appellant raised before the Amarillo Court of Appeals, the Court held:

> Oscar Smith, a college student, was working at an independent service station on the evening of December 23, 1976. Appellant approached Smith, pulled a weapon which Smith referred to as a "gun", "revolver" and a "pistol", at different places in the record. Appellant demanded the money which Smith gave him. Appellant then drove off in his car.

9

Wright contends that this evidence does not show that a "deadly weapon" was used. The use of a "deadly weapon" is an essential element of aggravated robbery. V.T.C.A., Penal Code, Section 29.03. A firearm is per se a deadly weapon. V.T.C.A., Penal Code, Section 1.07(a)(11)(A) [now Penal Code, Section 1.07(a)(17)(A)]. Appellant argues that evidence is sufficient only if the witness uses the term "firearm" or otherwise proves the use of a "deadly weapon" under one of the alternative definitions. We disagree. Testimony using any of the terms "gun", "pistol" or "revolver" is sufficient to authorize the jury to find that a deadly weapon was used."

*Wright* at 459. This paragraph from Wright is the entirety of the Court's holding and reasoning in determining that uttering the words "gun" or Pistol" or "revolver" is sufficient to satisfy the State's burden to prove "firearm" beyond a reasonable doubt. The Court cited no precedent to support the holding. The Court gave no reasoning for the holding. Nevertheless, this holding has become the law in Texas and has resulted in scores of similar fact situations being affirmed solely on the basis that *Wright* held that the use of the these generic terms, much broader than "firearm," are enough.

The Court of Criminal Appeals has rarely revisited the holding in *Wright*, and never meaningfully. Six years after *Wright*, the Court addressed the same issue in *Gomez v. State*, 685 S.W.2d 333 (Tex. Crim. App. 1985), but quickly disposed of the issue by relying on the holding in *Wright*. In *Gomez*, the appellant was also indicted for aggravated robbery

10

and the indictment specifically alleged that a firearm was used in the commission of the offense. The victim in *Gomez* referred to the weapon in the case as a "gun" and a "revolver." The Court disposed of the argument that the evidence was not sufficient to prove "firearm" as alleged in the indictment by referring to the definition of "revolver" found in a law dictionary which defined "revolver" as "a firearm with short barrel, to be held in firing with one hand; a deadly weapon." *Ballantine's Law Dictionary* (3rd Ed. 1969). The *Gomez* Court held that a revolver was a firearm based on the definition found in a law dictionary, despite the fact that the term "firearm" is defined in the Texas Penal Code.[1]

Significantly, the *Wright* holding engendered some resistance. In *Gomez*, Judge Teague dissented, directly opposing the Court's holding in *Wright* and *Gomez*. Judge Teague wrote:

> In this instance, no weapon was ever recovered, nor did Chow, the complaining witness, ever identify any weapon as being like the one that appellant had used or exhibited when he robbed Chow of his money. Furthermore, there is no testimony or evidence that the "gun" or "revolver" that Chow said appellant had used, was "a firearm," as alleged in the indictment, and as statutorily defined. Was this sufficient to establish beyond a reasonable doubt what the State alleged, namely, that appellant used or exhibited "a firearm?" In light

---

[1] It is important to note that the weapon used in the commission of the offense in Appellant' was never described by any witness as a "revolver."

of the fact that the term "firearm" has been statutorily defined, and thus has a peculiar meaning, I don't think so.

*Gomez*, 685 S.W.2nd at 337.

Over the course of the decades since *Wright*, numerous convictions for aggravated robbery have been affirmed by reference to the superficial precedence provided by *Wright*. Respectfully, the Court should reexamine and reevaluate this questionable precedent.

**2.  The State must prove what it alleges beyond a reasonable doubt.**

It is axiomatic that the State of Texas, in any criminal trial, must prove each and every essential element of an offense beyond a reasonable doubt to sustain a conviction. *Gomez v. State*, 685 S.W.2d 333 (Tex. Crim. App. 1985); *Rabb v. State*, 434 S.W.3d 613 (Tex. Crim. App. 2014; rev'd on other grounds at *Rabb v State*, 446 S.W.3d 892); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). Proof of the use and exhibition of a deadly weapon is an essential element of the offense of aggravated robbery. *Wright* at 459; *Gomez* at 336. It is not necessary to plead and prove specifically that a "firearm" was used in the commission of an aggravated robbery, only that a deadly weapon was used and exhibited; but if it is plead, it must be proved beyond a reasonable doubt. *Gomez* at 336; *Moore v. State*, 531 S.W.2d 140 (Tex.

12

Crim. App. 1976). The *Gomez* Court recognized this basic principle this way:

> The State was not required to allege firearm in order to charge appellant with the offense of aggravated robbery. However, where the State alleges unnecessary matter [sic] which is descriptive of the essential elements of the crime, the State must prove the descriptive matter as alleged. (Citations omitted). Proof of the use and exhibition of a deadly weapon is an essential element of the offense of aggravated robbery. **As a result, the State had to prove beyond a reasonable doubt that the weapon used was a firearm to sustain appellant's conviction**.

*Gomez* at 336; *emphasis added. See also, Franklin v. State, 659 S.W.2d 831 (Tex. Crim. App. 1983)*. This fundamental precept of Texas criminal jurisprudence is significantly undermined by the decisions in *Gomez*, *Wright*, and the decision by the Court of Appeals in Appellant's case, albeit based on the precedence established by *Wright* and *Gomez*. It leads to a result such as occurred in Appellant's case, that is, that the Appellant was convicted of aggravated robbery and his conviction affirmed when the State made no attempt to prove that the deadly weapon in Appellant's case was a firearm or, for that matter, that the weapon used was, in its use or intended use, capable of causing serious bodily injury or harm. To say that the State must prove beyond a reasonable doubt what it alleges and then to say that the State satisfies this important Constitutional

13

principle by the sheer happenstance that the victim in the case refers to a "gun" or a "pistol" when a "firearm" is alleged is logically, and in every way, inconsistent.

### 3. "Gun" and "pistol" are much broader terms than "firearm."

Every Court that has affirmed a conviction in a case like Appellant's in the past several decades acknowledges that the terms "gun" and "pistol" are much broader terms than the statutorily-defined term "firearm." The Court of Appeals that affirmed Appellant's conviction acknowledged the same:

> Our courts have recognized, however, that "the term 'gun' may be a broader term than 'firearm' when taken out of context[2] and may include such nonlethal instruments as BB guns, blow guns, pop guns, and grease guns. *Price v. State*, 227 S.W.3d 264, 266 (Tex. App. – Houston [1st Dist.] 2007, pet. dism'd, untimely filed).

This is amplified by the fact that the Legislature has actually defined the term "firearm" in the penal code:

> Firearm means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use."

---

[2] The Court of Appeals cites *Price*, a Houston Court of Appeals [1st Dist.] decision for the proposition that the term "gun" is broader than "firearm" "when taken out of context." Counsel's research indicates that the language "when taken out of context" does not come from the Court of Criminal Appeals.

Section 46.01(3), Texas Penal Code (West 2015).[3] The definition of "firearm" is much more specific than "gun" or "pistol." Judge Teague in his dissent in *Gomez* said:

> Because the word "firearm" is statutorily defined…such a word has a much more limited, precise, and specific meaning than does the word "gun," "revolver," or the like, which have not been statutorily defined, might have.

*Gomez v. State*, 685 S.W.2d at 337. The import of the undeniable distinction between the terms "gun" and "pistol" and the definition of "firearm" is that the term "firearm" is a smaller, narrower, and very specific subset of the terms "gun" and "pistol," leaving much room for a gun or pistol **not to be a firearm**. If the state of the law remains that all a witness has to say is "gun" to satisfy the State's burden of proving each essential element beyond a reasonable doubt, then it is a significant possibility that a defendant can be convicted of aggravated robbery when he is factually and actually guilty of no more than robbery. The end result is that the State's burden to prove its case beyond a reasonable doubt is

---

[3] Some cases have pointed out that the definition of "firearm" in Section 46.01(3) applies only to Chapter 46. However, numerous other courts have treated this definition as applicable, or at least helpful, to the reasoning in this line of cases. A good example is the opinion of the Court of Appeals in this case. The Court defines "firearm" using the language of Section 46.01(3) and cites to the Court of Criminal Appeals opinion in *Vaughn v. State*, 600 S.W.2d 314 (Tex. Crim. App. 1980) in which the Court of Criminal Appeals stated that the definition of "firearm" in Chapter 46 may be used to assist understanding "deadly weapon" in context of other cases.

lessened, at least as regards the element of the use and exhibition of a deadly weapon.

**4.    In Appellant's case, the "gun" or "pistol" may not have been a "firearm."**

Appellant was charged by indictment with aggravated robbery that specifically alleged that he used a firearm.  (CR, Vol. 1, P. 6).  The State made no attempt to produce evidence to support that allegation.  Despite having had several officers on the witness stand, the State never asked anyone to opine as to whether the "gun" met the definition of "firearm," nor did the State ever attempt to elicit from any witness that the "gun" used in the robbery fit the definition of "deadly weapon."  It was simply fortuitous that the witnesses in the case referred to the weapon as a "gun" or "pistol."  In fact, in his testimony, Officer Curtis Barber admitted that he could not say that the "gun" was not a "pellet gun."  (RR, Vol. 5, P. 102, ll. 7-23).  The gun was never recovered.  No evidence of a gun or ammunition was found in the Appellant's vehicle when he was arrested in his vehicle mere hours later.  There was some .22-caliber ammunition found in the second search of Appellant's home, but Officer Barber testified that he did not know what caliber the gun used was. In response

to questioning by trial counsel, he only said it was "possible" that the gun looked like a 9-millimeter.  (RR, Vol. 5, P. 102, ll. 7-23).

Thus, it was "possible" that it looked like a 9-millimeter and it was "possible" that it was only a "pellet gun."  That amounts to reasonable doubt on the essential element of whether a "deadly weapon" was used "to wit: a firearm," as was alleged in the indictment.  The State never dug deeper than that.

The Court of Appeals recognized this void in the evidence presented by the State in Appellant's case this way:

> Although Appellant is correct that the State failed to adduce testimony identifying the gun appellant carried as a firearm, we nonetheless find the evidence sufficient to establish that fact.

*Johnson v. State*, 2016 Tex. App. LEXIS 3390 (Tex. App. – Amarillo 2016; not designated for publication).  The statement by the Court of Appeals is a non sequitur.  If the State failed to adduce evidence that the gun used by Appellant was a firearm, then it should follow that the evidence is insufficient as to what the State alleged in its indictment, that the gun used was a "firearm."

It was the State's burden to prove beyond a reasonable doubt that the "gun" used was more than a "gun" or "pistol;" the State was required

17

to prove that whatever was used by Appellant fell within the narrow and specific definition with which the jury was charged. There was insufficient evidence at Appellant's trial to support the allegation that he used a "firearm." The decision of the Court of Appeals should be reversed and the judgment of aggravated robbery should be reformed to robbery.

## 5. Conclusion.

Respectfully, the precedent established in the *Wright* opinion 37 years ago is tenuous and almost certainly has resulted in defendants being convicted of aggravated robbery when, in fact, they were only guilty of the lesser charge of robbery. The *Wright* precedent effectively lessens, if not obliterates, the State's burden in aggravated robbery cases in which the use or exhibition of a firearm is specifically plead to prove each and every essential element of the offense beyond a reasonable doubt. The facts of Appellant's case, as adduced at trial, simply do not warrant a conviction of the offense of aggravated robbery in light of the State's failure to bring forward to the jury credible evidence that the "gun" or "pistol" used in the commission of the robbery was a "firearm" as alleged in the indictment as was its obligation.

## PRAYER FOR RELIEF

WHEREFORE, Appellant Tetherance Johnson prays that the Court of Criminal Appeals grant this Petition for Discretionary Review and reverse the decision of the Court of Appeals.

Respectfully submitted,

SHANE PHELPS
Attorney for Tetherance Johnson
State Bar No. 15907530
The Law Office of Shane Phelps, P.C.
400 North Washington
Bryan, Texas 77803
979-775-4100 (Telephone)
979-775-4300 (Fax)
shane@shanephelpslaw.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the Microsoft Word Count tool the argument and prayer sections of this document contain 2,761 words.

    /s/ Shane Phelps
Shane Phelps
Attorney for Tetherance Johnson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of June, 2016, the following have been mailed legible copies of this petition by U.S. Mail:

Mr. Douglas Howell, III
Brazos County District Attorney's Office
300 East 26th Street, Suite 310
Bryan, Texas 77803

Ms. Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Capitol Station
Austin, Texas 78711

      /s/ Shane Phelps
Shane Phelps
Attorney for Tetherance Johnson

**APPENDIX**



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-14-00155-CR

___

TETHERANCE JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court No. 12-02276-CRF-272, Honorable Travis B. Bryan, III, Presiding

___

March 31, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Tetherance Johnson appeals from his jury conviction of the first-degree felony offense of aggravated robbery[1] and the resulting sentence of fifteen years of imprisonment. Through one issue, appellant contends the evidence was insufficient to show he used a firearm in the commission of the offense. We will affirm the judgment of the trial court.

___

[1] Tex. Penal Code Ann. § 29.03 (West 2015).

Background

Appellant does not challenge the sufficiency of the State's evidence that he was one of two men who robbed a First Cash Advance store in Bryan, Texas. He was indicted for aggravated robbery, and the indictment alleged he used or exhibited a deadly weapon, a firearm.

The testimony of the store's manager, and security camera video, showed appellant and another robber accosted the manager as she opened the store shortly before 9:00 a.m. The evidence shows appellant rushed upon the manager just as she unlocked the door and stepped inside, thrusting his arm and upper body into the doorway before she could close it. He held a pistol. Appellant was arrested the same day, but the pistol was never located.

The jury found appellant guilty as charged in the indictment and assessed punishment as noted. This appeal followed.

Analysis

In determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010

(plurality op.). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319.

"Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson,* 443 U.S. at 326. Further, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper,* 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The essential elements of the crime are those set out in the hypothetically correct jury charge for the case. *Adames v. State*, 353 S.W.3d 854, 861 (Tex. Crim. App. 2011). Such a charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* at 860 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). As set out in the indictment, proof of the State's allegation appellant used or exhibited a deadly weapon during the robbery depended on its proof he used or exhibited a firearm.

3

The court's charge made use of the definition of "firearm" contained in Penal Code section 46.01, stating it means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. TEX. PENAL CODE ANN. § 46.01(3) (West 2015).

On appeal, appellant contends the State failed to prove he used a *firearm* because the evidence merely proved use of a *gun*, a broader term. Therefore, appellant asserts, the evidence was insufficient to support the aggravating factor of his use of a firearm in the commission of the robbery and the court's judgment should be reformed to reflect only a conviction for the offense of robbery. Although appellant is correct that the State failed to adduce testimony identifying the gun appellant carried as a firearm, we nonetheless find the evidence sufficient to establish that fact. We will overrule appellant's issue.

A "firearm" is a deadly weapon, *per se.* TEX. PENAL CODE ANN. § 1.07(17)(A) (West 2015); *see Boyett v. State,* 692 S.W.2d 512, 517 (Tex. Crim. App. 1985); *Arthur v. State,* 11 S.W.3d 386, 389 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Our courts have recognized, however, that "the term 'gun' may be a broader term than 'firearm' when taken out of context and may include such nonlethal instruments as BB guns, blow guns, pop guns, and grease guns." *Price v. State*, 227 S.W.3d 264, 266 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd, untimely filed) (citations omitted). On the other hand, our courts have recognized also that the fact finder's freedom to draw reasonable inferences and make reasonable deductions from the evidence presented may, in the context of the crime and absent any specific indication to the contrary,

4

permit the conclusion that a weapon identified as a gun was, beyond a reasonable doubt, a firearm. *Id.*; *Cruz v. State,* 238 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (absent any specific indication to the contrary at trial, jury "should be able to make the reasonable inference, from the victim's testimony that the 'gun' was used in the commission of a crime, was, in fact, a firearm"); *see also Davis v. State,* 180 S.W.3d 277, 286 (Tex. App.—Texarkana 2005, no pet.); *Rodriguez v. State*, No. 07-07-0348-CR, 2008 Tex. App. LEXIS 6961, *6 (Tex. App.—Amarillo September 17, 2008, pet. ref'd) (mem. op., not designated for publication) (both holding same). The Court of Criminal Appeals long ago held, "Testimony using any of the terms 'gun,' 'pistol,' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon was used." *Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. [Panel op.] 1979).

Here, during her testimony the manager used the term "gun" to describe the weapon appellant displayed as he and his cohort took money, jewelry and her purse from the store. Asked if appellant pointed the gun, she responded her back was to the robbers most of the time "[b]ut the few times I was able to know really what was going on, they did have the gun either on me or out around me." The men told the manager to "go open the safe" and she did so. A responding officer testified the manager told him "she was forced at gunpoint to open the [store's] secured door." When the manager called 911, the dispatcher inquired whether the gun was "a handgun." The manager responded, "Yes, a handgun." The manager testified she was scared and had resigned from her job as a result of the robbery.

The store had several security cameras. From the video evidence, the jury viewed the robbery from several vantage points, and more than one depicts appellant

5

brandishing the gun. One video, State's exhibit 3-1, gave the jury a relatively clear view of the gun as appellant struggled to enter the store against the manager's effort to keep him out. In his testimony, an investigating officer made reference to his review of the security camera videos of the robbery and their depiction of a "black-colored pistol, looked like a semi-automatic." The officer's description is consistent with the appearance of the gun shown in the videos.

The manager testified that during her effort to pull the door shut, she was hit on the forehead with the gun. State's exhibit 3-1 also shows that as appellant struggled to push his way through the door, the manager was hit in the head by the pistol. Asked what part of the gun hit her, she said she did not know but said it was "something very hard."

Another video, State's exhibit 3-2, shows appellant walking behind the manager in the store's secured area, with his arm extended pointing the gun at her back. Where the accused threatens the victim with a gun, the act itself suggests the gun is a firearm rather than a non-lethal instrument. *Benavides v. State*, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1988, pet. ref'd); *Lewis v. State*, No. 10-09-00308-CR, 2012 Tex. App. LEXIS 86, *14 (Tex. App.—Waco January 4, 2012, no pet.) (mem. op., not designated for publication). Although the robbers did not specifically threaten to shoot the manager, the jury reasonably could have seen appellant's use of his gun to prompt the manager's actions as such a threat.

In *Gipson v. State*, No. 10-08-00232-Cr, 2009 Tex. App. LEXIS 1934, *3-4 (Tex. App.—Waco March 18, 2009, pet. ref'd) (mem. op., not designated for publication), the

6

court found the evidence sufficient to support use of a firearm that was described in testimony with the words "gun" and "handgun." The two victims were both threatened with guns and struck with guns. One was forced at gunpoint to open a safe. And, in the defendants' vehicle, police recovered "a live .380 caliber bullet." The court concluded its analysis with the observation that no evidence suggested "the gun used by [Gipson] was a toy or anything other than a firearm." *Id.* at *4 (quoting *Cruz*, 238 S.W.3d at 389).

Similarly, here, when police searched appellant's apartment, they found in his closet a box of .22-caliber ammunition, with several rounds missing. Appellant's possession of ammunition, his open brandishing of the weapon and use of it in a threatening manner, the weapon's appearance and witnesses' descriptions of it combine to satisfy us that the jury acted rationally by concluding the weapon the manager called a "gun" was a firearm. *Gipson*, 2009 Tex. App. LEXIS 1934 at *3-4. We see in the evidence no specific indication contrary to that conclusion. *Price*, 227 S.W.3d at 266. Viewed in the light most favorable to the verdict, the evidence thus was sufficient to permit the jury to find the robbery was committed with a deadly weapon, a firearm. We resolve appellant's sole issue against him, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

7