**Lanal BANK, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–558CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1983.

Petition for Discretionary Review Refused Nov. 23, 1983.

---

1. Now see TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3 (Vernon 1967).

Charles F. Baird, Houston, for appellant.

J. Sidney Crowley, Steve McCarthy, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## J. CURTISS BROWN, Chief Justice.

This appeal arises from the jury conviction of Lanal Banks, Jr. (Banks or appellant) for the offense of attempted aggravated rape. Punishment, enhanced by one prior felony conviction, was assessed by the court at fifty years confinement in the Texas Department of Corrections.

Appellant has duly perfected his appeal and assigns one ground of error:

"The conviction should be reversed because the evidence is insufficient to prove that appellant's acts, words, or deeds placed complainant in fear of serious bodily injury or death to be imminently inflicted on anyone, and was, therefore, insufficient to support a conviction for attempted aggravated rape pursuant to V.T.C.A., Penal Code, section 21.03(a)(2) as alleged in the indictment."

On the afternoon of March 22, 1982, the complainant took her son and one of his young friends to a park in Baytown, Texas. Later, as they were leaving the park area, they walked by Banks, who was sitting on a park bench, and proceeded up a small hill. When they reached the top of the hill, appellant came up and suddenly grabbed complainant's wrist and pulled her around, hurting her hand as she tried to pull away. Noticing that appellant had his penis exposed, complainant told the children to run. The children ran toward the highway and complainant became further alarmed at the prospect of their being hit by vehicular traffic. She then started to scream and Banks hit her in the face with his fist with sufficient force to knock her down. As a result of the blow, she rolled down the hill. While she was lying on the ground, appellant jumped on her back and put his hand over her mouth. She tried to scream but Banks kept his hand over her mouth and told her to shut up. He then began to drag her away. She was able to escape momentarily but as she started to run appellant again grabbed her. Complainant testified that during this sequence of events she thought "this must be what happens to girls who are raped and beaten to death." She further testified that she was in fear of her life.

As appellant dragged her towards a ditch, complainant grabbed a tree on which poison ivy was growing; but her grip was broken and appellant pulled her closer to the creek running through the ditch. He dragged her a further distance and pushed her down and sat on her, straddling her hips. He then undid portions of her clothing and exposed his penis. Complainant was crying hysterically and had dirt in her mouth and nose. Her eyes were shut and she was "hurting all over." She then heard a man's voice ask, "What is going on down there?" When she looked in the direction of the voice she saw two people standing near the top of the hill. Apparently startled by the presence of the two witnesses, appellant released his grip on complainant. Complainant then got up and ran to the people at the top of the hill. The police were called, but appellant could not be found.

About a month later complainant saw appellant walking by the side of the road and called the police. Appellant was taken into custody and transported to the Baytown Police Department, where he was duly warned of his rights. He then gave written permission to have his picture taken for purposes of a photographic line-up. He was released after the police had taken his picture. After identification by the witnesses, a felony arrest warrant was issued and

appellant was placed under arrest. Appellant subsequently gave a written confession which was duly introduced into evidence.

Appellant, relying upon *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr.App.1979) and *Rucker v. State*, 599 S.W.2d 581 (Tex.Cr.App.1979), contends the aggravating element alleged in the indictment, namely, "acts, words and deeds [which placed] Complainant in fear of serious bodily injury and death to be imminently inflicted on [her]", was not shown by the evidence.

Before September 1, 1981, § 21.03(a) provided that rape was aggravated if the actor: 1) caused serious bodily injury or attempted to cause death to the victim in the course of the rape; or 2) compelled submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone. Appellant correctly cites *Rucker* and *Rogers* for the proposition that under § 21.03(a) as it existed before September 1, 1981, absent an express verbal threat, the evidence was sufficient to prove aggravated rape only when a gun, knife, or deadly weapon was used, or where serious bodily injury was in fact inflicted.

Effective September 1, 1981, the Legislature amended section 21.03(a) to provide that a person commits aggravated rape if he commits rape and he, "by acts, words, or deeds *places the victim* in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." TEX.PENAL CODE ANN. § 21.03(a)(2) (Vernon Supp.1982–1983). Therefore, the present version of § 21.03(a)(2) now focuses upon whether the acts, words, or deeds of the actor placed his victim in fear of imminent serious bodily injury or death.

We find the conduct of the appellant in this case was reasonably calculated to place complainant in fear of imminent death or serious bodily injury. Complainant was suddenly grabbed by appellant, who was unknown to her. His penis was exposed. He knocked her down. He jumped on her back and clamped his hand around her mouth to stop her screaming. He dragged her down a ditch towards a creek. She testified that she was in fear of her life,

and most surely her apprehension was well grounded. In fact, had help not arrived, she might well have been numbered among those "girls who are raped and beaten to death." The Legislature had the authority to amend the law so as to focus on whether the actor placed the victim in fear of imminent serious bodily injury or death. Therefore, *Rucker* and *Rogers* are not controlling under applicable law.

Appellant's sole ground of error is overruled.

We affirm the judgment of the trial court.