Luis L. COLON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 3-83-064-CR.

Court of Appeals of Texas, Austin.

Oct. 3, 1984.

Rehearing Denied Nov. 21, 1984.

David Spencer, Austin, for appellant.

Ronald Earle, Dist. Atty., James Connolly, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Justice.

Luis L. Colon, Jr. seeks to set aside a judgment of conviction for aggravated robbery rendered by the district court of Travis County. The jury assessed punishment of confinement for a period of twenty-five years. This Court will affirm the judgment of conviction.

On August 10, 1982, Colon and another entered Long John Silvers Restaurant in Austin and robbed the staff and customers. The police became aware of the robbery in progress and surrounded the restaurant. Colon and the accomplice took hostages and attempted to escape. During the attempted escape, Colon and one of the hostages were shot. Colon and the accomplice were then captured and it was discovered that the weapon which Colon had employed for the robbery was a pistol-type $CO_2$ powered BB gun, designed to be aimed and fired with one hand.

The indictment provided in pertinent part:

> [Colon] did then and there by using and exhibiting a deadly weapon, to wit: a handgun, intentionally and knowingly threaten and place Tommy C. Ojeda [the assistant manager of the restaurant] in fear of imminent bodily injury and death,

The district court charged the jury that:

> A person commits the offense of aggravated robbery, if he commits the offense of robbery as hereinafter defined, and he uses or exhibits a deadly weapon.

The court defined "deadly weapon" as follows:

> "Deadly weapon" means (a) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (b) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

■ In his first ground of error, Colon claims a fatal variance because the indictment alleges that Colon committed the robbery by using a "handgun", whereas the State proved that the weapon used was a $CO_2$ powered BB gun. Colon's initial premise is that "handgun" is specifically defined by Tex.Pen.Code Ann. Sec. 46.01(5) (1974) as "any firearm that is designed, made, or adapted to be fired with one hand." In turn, "firearm" is defined by Sec. 46.01(3) as "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." Colon's conclusion is that because the BB gun is not a "firearm" within Sec. 46.01(3), it is necessarily not a "handgun" within Sec. 46.01(5), and, accordingly, the State did not prove Colon used a "handgun" as alleged in the indictment. Colon's major premise is that to convict for Aggravated Robbery under Sec. 29.03, the State was required to prove that the "handgun", alleged as the aggravating factor, was within the definition of "handgun" in Sec. 46.01. Colon, however, has shown the Court no authority for this construction.

In defense of the judgment, the prosecution contends that the definitions of "handgun" and "firearm" in Sec. 46.01 are limited to the offenses defined in Chapter 46 only. Chapter 46, entitled "Weapons", defines offenses such as Unlawful Carrying Weapons, Prohibited Weapons, and Unlawful Transfer of Firearm. Colon was indicted under Sec. 29.03, which is in Chapter 29, entitled "Robbery", and, as such, the prosecution contends that it need not support that indictment with proof sufficient under Chapter 46.

■ It is true, of course, that the prosecution is bound by the allegations in the indictment and must prove them beyond a reasonable doubt. In the present case, because the indictment charged that Colon used and exhibited "a deadly weapon, to-wit: a handgun", the prosecution was re-

quired to prove that the deadly weapon employed to aggravate the robbery was, in fact, a "handgun."

Colon argues that the prosecution was required to support its allegation of "handgun" in the indictment for Sec. 29.03 aggravated robbery with proof that the handgun used in the robbery falls within the definition of Sec. 46.01. This Court does not agree.

Section 46.01, *by its terms*, limits the definition of "Handgun" to offenses enumerated in Chapter 46. The section provides:

Section 46.01 Chapter Definitions

*In this chapter:* ....

(5) "Handgun" means any firearm that is designed, made, or adapted to be fired with one hand. (Emphasis added).

Language in two opinions of the Court of Criminal Appeals also supports our view that the definition of "Handgun" found in Sec. 46.01(5) is limited to those offenses found in Chapter 46. *Vaughn v. State*, 600 S.W.2d 314, 315 (Tex.Cr.App.1980); *Walker v. State*, 543 S.W.2d 634, 637 (Tex.Cr.App. 1976).

Having rejected Colon's argument that the term "handgun" is defined only by Chapter 46 of the Penal Code, we resort to the plain meaning of the word "handgun" to determine the kind of proof the prosecution was required to marshal to support the indictment. In discussing the difference between the terms "firearm" and "gun" in an indictment, the Court in *O'Briant v. State*, 556 S.W.2d 333, 336 (Tex.Cr.App. 1977) wrote:

We find "firearm" to be far less vague and general than the word "gun." It could reasonably be urged that the word "gun" is broad and general enough to include such diverse instrumentalities as a "B.B. gun," a "blow gun," a "pop gun" or even a "grease gun." Clearly the word "firearm" has a much more limited meaning.

Colon does not advance an argument that the term "handgun" is vague, nor was such an argument made in district court. We think it a reasonable conclusion that the term "handgun" encompasses a $CO_2$ powered BB gun designed to be fired with one hand. As the prosecution proved Colon committed the August 10 robbery using such a weapon, no variance exists between the indictment and the evidence.

By his fourth ground of error, Colon contends that the district court erred in overruling his tendered instruction which would have limited the court's "overly broad" definition of "deadly weapon."

Colon requested the district court to instruct the jury as follows:

"Handgun" means any firearm that is designed, made, or adapted to be fired with one hand.

"Firearm" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.

A handgun, as defined above, is a deadly weapon.

Colon's argument assumes, incorrectly, that the district court's definition of "deadly weapon" is overbroad. The district court's definition follows the exact language of Sec. 1.07(a)(11). The same definition was considered by the Court in *Stewart v. State*, 532 S.W.2d 349, 350 (Tex.Cr. App.1976). The Court of Criminal Appeals wrote that "we perceive no harm that resulted from giving the full statutory definition of a deadly weapon."

Colon concedes that giving the "broadest possible definition" of "deadly weapon" is not reversible error, but relies upon *Stewart* for the proposition that the broad definition is only permissible "if the jury's consideration is limited by other proper instructions." As we understand, *Stewart* does not require any such limiting instruction.

The reasoning adopted in the resolution of ground of error number one necessarily

requires that Colon's second and third grounds of error be overruled.

The judgment of conviction is affirmed.