**Luis L. COLON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–066–CR.**

Court of Appeals of Texas, Austin.

Oct. 3, 1984.

Rehearing Denied Nov. 21, 1984.

David Spencer, Austin, for appellant.

Ronald Earle, Dist. Atty., Carl Bryan Case, Jr., Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Justice.

This is the final of a triad of appeals by Luis L. Colon, Jr. from judgments of conviction resulting from his criminal behavior on August 5 and August 10, 1982. *Colon v. State*, 680 S.W.2d 28 (Tex.App.—Austin, 1984; *Colon v. State*, No. 3–83–065, Tex.App.—Austin, Sept., 1984 (not published). In this appeal Colon attacks a judgment of conviction for aggravated rape. The jury assessed punishment of confinement for a period of fifty years. This Court will affirm the judgment of conviction.

On August 5, 1982 and during the course of a robbery at the Long John Silvers Restaurant on Cameron Road in Austin, Colon raped the restaurant's assistant manager, S_____ P_____.

Colon's appellate attack on the judgment centers upon that part of the indictment charging an aggravated offense. Colon claims that the indictment is fundamentally defective in that it fails to allege an essential element of aggravated rape.

The indictment reads as follows:

Luis L. Colon, Jr. ... did then and there intentionally and knowingly have sexual

intercourse with S_____ P_____, a female not his wife, without S_____ P_____'s consent, and the said Luis L. Colon, Jr. compelled S_____ P_____ to submit and participate by the use of a threat that would prevent resistance by a woman of ordinary resolution under the same and similar circumstances because of a reasonable fear of harm; and the said Luis L. Colon, Jr. did then and there intentionally and knowingly compel the said S_____ P_____ to submit to sexual intercourse with the said Luis L. Colon, Jr. by threat of serious bodily injury to be imminently inflicted on S_____ P_____,

Colon was convicted for violating Tex. Pen.Code Ann. Sec. 21.03 (1981) which provided effective September 1, 1981:

Sec. 21.03. Aggravated Rape

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

(2) by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone; or

(3) by acts, words, or deeds occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone; or

(4) uses or exhibits a deadly weapon in the course of the same criminal episode; or

(5) the victim is younger than 14 years.

(b) The defenses enumerated in Subsections (b) and (c) of Section 21.09 of this code shall not apply to this section.

(c) An offense under this section is a felony of the first degree.

The indictment, however, was drafted pursuant to the prior version of Sec. 21.03 which provided:

§ 21.03. Aggravated Rape

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

(b) An offense under this section is a felony of the first degree.

The problem with the indictment arises because, while the offense occurred on August 5, 1982, the instrument follows the language of Sec. 21.03 which had been repealed effective September 1, 1981.

Colon argues that Sec. 21.03(a)(2) requires, as an essential element of the aggravating factor, that the *victim be placed in fear* of serious bodily injury by the acts, words, or deeds of appellant. As Colon claims this element is missing from the indictment, Colon insists that the charging instrument is fundamentally defective.

■ There are at least two opinions which discuss the September 1, 1981 amendment of Sec. 21.03(a)(2). *Bank v. State*, 662 S.W.2d 627 (Tex.App.1983, no pet.), involved an appeal from a conviction of aggravated rape wherein the defendant contended the evidence was insufficient to support the aggravating element alleged in the indictment. In discussing the September 1, 1981 amendment to Sec. 21.03(a)(2), the Court states, "Therefore, the present version of Sec. 21.03(a)(2) now focuses upon whether the acts, words, or deeds of the actor placed his victim in fear of imminent serious bodily injury or death." *Id.* at 629. The opinion also states, on the same page, "The Legislature had the authority to amend the law so as to focus on whether the actor placed the victim in fear of imminent serious bodily injury or death."

*Seek v. State*, 646 S.W.2d 557 (Tex.App. 1982, no pet.), involved a similar contention regarding the insufficiency of the evidence

to constitute proof of the aggravating element of rape. In discussing the 1981 change to Sec. 21.03(a)(2) the Court stated:

> Thus, the clear intent of the legislature in amending this statute was to authorize a conviction for aggravated rape if there is proof that the defendant 'by acts, words, or deeds' places the victim in fear of death or serious bodily injury .... Thus, the fact finder may infer from the totality of the circumstances whether a person's overall conduct placed the victim in fear of death or serious bodily injury. *Id.* at 560.

Based upon the language of these opinions, as well as from the plain wording of the statute, this Court concludes that an essential element of Sec. 21.03(a)(2), under the September 1981 version, is that the appellant's conduct must place the victim in fear of serious bodily injury.

 It is well settled, however, that the exact verbiage of the statute need not be alleged in an indictment when there is no material difference between that language and the allegations employed. *Ross v. State,* 594 S.W.2d 100 (Tex.Cr.App.1980); *Ex parte Burkett,* 577 S.W.2d 265 (Tex.Cr.App.1979); Tex.Code Cr.P.Ann. art. 21.17 (1966).[1] Accordingly, the question for decision is whether the wording of the indictment is *materially different* from the terminology of the statute.

In the first part of the indictment, in which the offense of rape is alleged (that part before the semicolon), is found the phrase "because of a reasonable fear of harm." This phrase describes the nature of the threat used to compel the victim to submit to intercourse. This language is derived from the wording of the previous rape statute Sec. 21.02(b)(2) which described circumstances under which the intercourse is without the victim's consent. The second part of the indictment contains the aggravating language which was intended to complete the charge of aggravated rape.

 The indictment will be read *as a whole* in determining whether it sufficiently charges an offense. *Dennis v. State,* 647 S.W.2d 275, 279 (Tex.Cr.App.1983); *Church v. State,* 552 S.W.2d 138, 140 (Tex.Cr.App.1977). Reading the indictment as a whole compels the conclusion that the *threat* creating the "reasonable fear of harm" in the first part of the indictment, is also that same *threat* "of serious bodily injury to be imminently inflicted" alleged in the second part of the indictment. In the case at bar, Colon ordered the victim to remove her clothes at gunpoint, and he raped her on the floor while keeping the gun at his side on the floor. There was only one threat. The threat that negated the victim's consent and caused a reasonable fear of harm was the same threat of serious bodily injury to be imminently inflicted. Reading the allegations together, the indictment basically alleges "a threat which created a reasonable fear of harm of serious bodily injury to be imminently inflicted." Such language is not materially different from that of Sec. 21.03(a)(2).

The judgment of conviction is affirmed.

---

1. Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.