ACCEPTED
05-19-00428-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/16/2019 8:14 AM
LISA MATZ
CLERK

FILED: 06/19/2019
Lisa Matz, Clerk
5th Court of Appeals

**Cause Nos.: 05-19-00428-CR, 05-19-00429-CR**

# IN THE COURT OF APPEALS
## FOR THE FIFTH DISTRICT OF TEXAS
## AT DALLAS

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/16/2019 8:14:50 AM
LISA MATZ
Clerk

---

### JOHN JAMES WILLIAMS,
Appellant

v.

### THE STATE OF TEXAS,
Appellee

---

*On appeal from the Criminal District Court No. 4*
*of Dallas County, Texas*
*Cause No. F1835119, F1835120*

---

### APPELLANT'S BRIEF

---

*Counsel of Record:*

**SHARA D. SAGET**
State Bar No. 24073751

P.O. Box 540762
Grand Prairie, TX 75054
(469) 444-9740
(469) 444-9754 fax
shara.saget@gmail.com
*Attorney for Appellant*

# IDENTITIES OF PARTIES

**Appellant**                              John James Williams

**Defense Counsel at Trial**               Elizabeth Frizell
                                           Attorney at Law
                                           5787 S. Hampton Road
                                           Suite 230-B
                                           Dallas, Texas 75232

**Appellant's Attorney on Appeal**         Shara D. Saget
                                           Attorney at Law
                                           P.O. Box 540762
                                           Grand Prairie, TX 75054

**State's Attorneys at Trial**             Jessica Trevizo
                                           Assistant District Attorney
                                           Dallas County District Attorney's Office
                                           Frank Crowley Courts Building
                                           133 N. Riverfront Boulevard, LB 19
                                           Dallas, Texas 75207

**State's Attorney on Appeal**             Not Yet Designated
                                           Dallas County District Attorney's Office
                                           Frank Crowley Courts Building
                                           133 N. Riverfront Boulevard, LB 19
                                           Dallas, Texas 75207

# TABLE OF CONTENTS

IDENTITIES OF PARTIES ........................................................................................... ii

TABLE OF CONTENTS .............................................................................................. iii

INDEX OF AUTHORITIES ..........................................................................................v

STATEMENT OF THE CASE .......................................................................................1

ISSUES PRESENTED ...................................................................................................1

STATEMENT OF FACTS .............................................................................................2

SUMMARY OF THE ARGUMENT .............................................................................3

ARGUMENT ................................................................................................................3

POINT OF ERROR ONE ..............................................................................................3

THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON. 3

    *Standard of Review* ...................................................................................3

    *The Law* .......................................................................................................4

    *Application* ...................................................................................................5

        Assault ....................................................................................................6

        Deadly Weapon .....................................................................................7

        Conclusion.............................................................................................9

POINT OF ERROR TWO ........................................................................10

THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF UNLAWFUL POSSESSION OF A FIREARM BY A FELON. ........................................................................10

Standard of Review .................................................................10

The Law .................................................................................11

Application .............................................................................11

PRAYER ..............................................................................................14

CERTIFICATE OF COMPLIANCE ....................................................14

CERTIFICATE OF SERVICE .............................................................14

# INDEX OF AUTHORITIES

**CASES**                                                                                                    **PAGE**

*Adame v. State*, 69 S.W.3d 581, 586 (Tex. Crim. App. 2002) ..............................8, 9

*Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ..........................4, 10

*Colon v. State*, 680 S.W.2d 28, 29–31 (Tex. App.–Austin 1984, no pet.) ...............8

*Corpus v. State*, 30 S.W.3d 35, 37–38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ......................................................................................................................12

*Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986) ....................................10

*Curry v. State*, 30 S.W.3d 394, 405 (Tex. Crim. App. 2000)................................8, 9

*Dobbins v. State*, 228 S.W.3d 761, 764 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd).......................................................................................................................5

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)........................................................4

*Majors v. State*, 554 S.W.3d 802, 806 (Tex. App.—Waco 2018, no pet. ...............12

*Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) ...........................8, 10

*Manrique v. State*, 994 S.W.2d 640 (Tex. Crim. App. 1999)...................................6

*Moseley v. State*, 545 S.W.2d 144, 145–46 (Tex. Crim. App. 1976) ......................8

*Ramirez v. State*, 897 S.W.2d 428, 436 (Tex. App.—El Paso 1995, no pet.) .........10

*Rodriguez v. State*, 955 S.W.2d 171, 173 (Tex. App.—Amarillo 1997, no pet.)......7

*Smith v. State*, 118 S.W.3d 838, 842 (Tex. App.—Texarkana 2003, no pet.).........13

*Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998) ..................................5

*Swapsy v. State*, 562 S.W.3d 161, 165 (Tex. App.—Texarkana 2018, no pet.)11, 13

*Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013)...............................4

*Vuong v. State*, 830 S.W.2d 929, 934 (Tex. Crim. App. 1992) ................................6

*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) ...........................4

*Young v. State*, 752 S.W.2d 137, 140 (Tex. App.—Dallas 1988, pet. ref'd)...........10

## STATUTES

TEX. PENAL  CODE § 1.07 ........................................................................................5

TEX. PENAL CODE § 22.02(a)(2)............................................................................4

TEX. PENAL CODE § 46.01 ......................................................................................8

TEX. PENAL CODE § 6.03 .........................................................................................5

TEX. PENAL CODE ANN. § 46.04 .........................................................................11

**TO THE HONORABLE COURT OF APPEALS:**

Appellant, JOHN JAMES WILLIAMS, respectfully submits this brief in support of his appeal of the judgment of the Criminal District Court No. 4 of Dallas County, Texas, the Honorable Dominque Collins presiding:

## STATEMENT OF THE CASE

A grand jury indicted Appellant with second-degree aggravated assault with a deadly weapon and third-degree unlawful possession of firearm by a felon. (CR1.6; CR2.7).[1]  On March 14, 2019, a bench trial was held.  The trial court found Appellant guilty of both offenses and assessed punishment at five years' confinement in the Texas Department of Criminal Justice on both cases. (RR1.103-04).  Appellant's Notice of Appeal was timely filed in each case. (CR1.17-19; CR2.26-28).[2]

## ISSUES PRESENTED

**THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON.**

**THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF UNLAWFUL POSSESSION OF A FIREARM BY A FELON.**

---

[1] CR1 = Clerk's Record for 05-19-00428-CR (F18-35119).
  CR2 = Clerk's Record for 05-19-00429-CR (F18-35120).
[2] The Trial Court's Certification of Defendant's Right of Appeal has not been filed in either case. This Court ordered that the certifications be filed in a letter to the trial court dated May 14, 2019.

1

## STATEMENT OF FACTS

In the early morning hours of October 18, 2018, Appellant received a phone call to come home because his girlfriend and others who lived in the household were being held at gunpoint by someone named Spanky. Appellant returned home with the mindset that he would protect the individuals inside the home. Uncertain of how things would play out, he walked into the home with BB guns that looked like a real pistol. (RR1.40, 58, 73-74, 82).

Appellant ended up getting into a verbal altercation with a different individual that did not live in the home named Josh Flowers. Appellant's girlfriend joined in the argument and the noise awakened Melody Bower and her husband. Bower came out of her room and saw Appellant holding a gun. She went back to her room and called 911. While Bower's husband stayed in their bedroom, Bower went out a second time and asked Appellant to put the gun away. The phone line was left open. (RR1.18-20, 57).

At some point, Appellant went around the house looking for Spanky and waving the gun around. As he looked, he came into Bower's bedroom and asked her if she had called 911. When she admitted to making the phone call, Appellant left the room and stated that he was going to "light this place up." After realizing that Spanky was no longer in the house, Appellant left and went outside to get in a car with other individuals. (RR1.58, 62, 50).

2

When Appellant walked outside and entered the front passenger seat of the car, officers arrived. Once Appellant closed the door, officers approached all of the individuals in the car and told them to get out and put their hands up. Appellant obeyed all of the orders and cooperated with officers. A search was conducted of the car and a pistol was located underneath the front passenger seat. Appellant told officers that he used a BB gun. An empty BB gun box was located in the trash can just outside the house. Appellant was subsequently arrested. (RR1.50-51, 54, 82, 105).

## SUMMARY OF THE ARGUMENT

There is no evidence to support the allegation that Appellant threatened Bower with serious bodily injury. The State also failed to show a link between Appellant and the firearm retrieved. Accordingly, Appellant's convictions must be vacated and judgments of acquittal entered.

## ARGUMENT

### POINT OF ERROR ONE

**THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON.**

*Standard of Review*

When determining whether the evidence sufficiently supports a conviction, the reviewing court is guided by the standard set forth in *Jackson v. Virginia*, 443

3

U.S. 307, 319 (1979). All of the evidence is reviewed in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 319; *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

In a bench trial, deference is given to the trial court's credibility and weight determinations, because the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. All of the evidence in the record is considered, regardless of whether it was properly admitted. *Jackson*, 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 895, 899; *Temple* , 390 S.W.3d at 360. Direct and circumstantial evidence is treated equally. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). A reviewing court is to ensure that the evidence presented at trial actually supports a conclusion that the defendant committed the offense charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

*The Law*

A person commits an aggravated assault with a deadly weapon if he intentionally or knowingly threatens another with imminent bodily injury and if he uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE § 22.02(a)(2) (West 2009). "Bodily injury" means "physical pain,

4

illness or any impairment of physical condition." *Id.* TEX. PENAL CODE § 1.07 (a)(8). "Serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07 (a)(46).

A person acts intentionally "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE § 6.03(a). A person acts knowingly "with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist[,]" or if he "is aware that his conduct is reasonably certain to cause the result." Id. § 6.03(b). Intent or knowledge is a fact question to be determined from the totality of the circumstances. *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998); *Dobbins v. State*, 228 S.W.3d 761, 764 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd). A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE § 1.07 (a)(17)(B) (West 2017).

*Application*

Based on the evidence presented, the State failed in its proof that Appellant committed an aggravated assault. The evidence was also insufficient to sustain the trial court's deadly weapon finding.

5

<u>Assault</u>

The evidence is insufficient to prove that Appellant intentionally or knowingly threatened Bower with imminent bodily injury. Although someone's intent to threaten another can be inferred from the presence of a deadly weapon, such is not the case here. *Vuong v. State*, 830 S.W.2d 929, 934 (Tex. Crim. App. 1992). Appellant came to Bower's house, where he was also a resident, because he was called to the house. He was told that the residents, including his girlfriend, were being held at gun point by an individual who did not live in the household. (RR1.34, 40). Appellant went into the home with the purpose of looking for this threatening individual. When he realized the individual had left, Appellant also left. (RR1.35).

There was no evidence that Appellant made any verbal threats specifically directed towards Bower. Bower did not suffer any injuries. There was no evidence that Appellant desired to injure Bower. The gun was not real. These are not actions that lend themselves to an inference that Appellant intended to assault Bower. *But see Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) ("A jury may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct of the accused, and the method of committing the crime and from the nature of wounds inflicted on the victims.").

6

The testimony presented at trial indicated that Appellant and Flowers were yelling at each other and Appellant's girlfriend was also yelling from the hallway. (RR1.18). Bower was not involved in the argument, but walked out of her bedroom and saw it taking place. (RR1.19). Bower testified that she saw a gun in Appellant's hand and that he stated he was going to shoot someone. There is no indication that Appellant knew that Bower was present when this statement was made. Bower then returned to her room and called 911. (RR1.20). Bower later left her room again and asked Appellant to put the gun away. (RR1.21).

Appellant was not specifically pointing a gun at anyone in the house, but was waving it around. (RR1.36-37, 85). Appellant did not have any reason to come in the house and threaten Bower. (RR1.62). This is not a situation where it can be inferred that Appellant intended to threaten Bower with serious bodily injury and the conviction therefore cannot stand. *Cf. Rodriguez v. State*, 955 S.W.2d 171, 173 (Tex. App.—Amarillo 1997, no pet.)(Evidence sufficient to support conviction where appellant pursued victim outside and chased him down the street while firing at him).

Deadly Weapon

The evidence is also insufficient to support a deadly weapon finding. The indictment alleges that Appellant used or exhibited "a deadly weapon, to wit: a firearm." (CR1.6). By specifying the type of deadly weapon alleged, the State

7

was bound to prove that a "firearm" was used or exhibited during the assault. *See Curry v. State*, 30 S.W.3d 394, 405 (Tex. Crim. App. 2000) ("Curry's indictment would not 'authorize' a conviction on less than proof of [a firearm], because this phrase is not surplusage; once alleged, it had to be proved."). Because the State failed to prove that Appellant used a firearm there was an "actual failure in the State's proof of the crime." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

A BB gun is not a firearm. *Adame v. State*, 69 S.W.3d 581, 586 (Tex. Crim. App. 2002) ((Johnson, J., concurring) (noting BB gun fires projectiles with energy from compressed air rather than from explosion or burning material as required by definition of "firearm" in penal code (citing TEX. PENAL CODE § 46.01 (3))). A firearm is "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." Tex. Penal Code § 46.01(3) (West). BB guns and air pistols do not meet the definition of a firearm. *See Moseley v. State*, 545 S.W.2d 144, 145–46 (Tex. Crim. App. 1976) ("If the weapon used is not a deadly weapon, a conviction for aggravated assault obtained under … Penal Code Sec. 22.02(a)(3), cannot be upheld."); *Colon v. State*, 680 S.W.2d 28, 29–31 (Tex. App.–Austin 1984, no pet.).

Appellant testified that he purchased two BB guns from Walmart the night before the instant offense. (RR1.81). There was also testimony that indicated that the gun used in the offense could have been a BB gun. (RR1.66). The officers' search produced the red empty box from the BB guns. There was also testimony that Appellant cooperated with the officers and told them that it was a BB gun. (RR1.82).

The State did not present any evidence that the gun found under the seat was the same gun used that evening in the house. As testified to by the officer who searched the car, they could not say whether the firearm in the car was even related to the instant offense. (RR1.55). Furthermore, the State presented no evidence that the BB gun was a deadly weapon. *But see Adame*, 69 S.W.3d at 582 ("With testimony that a BB gun is capable of causing serious bodily injury, it is reasonable for a jury to make a deadly weapon finding."). For these reasons, the trial court's affirmative finding cannot stand.

Conclusion

The State failed to prove what it alleged, that Appellant used a firearm to assault Bower. *Curry*, 30 S.W.3d at 405. In light of the forgoing, the evidence is insufficient to sustain Appellant's conviction for aggravated assault. Accordingly, Appellant's conviction must be vacated and a judgment of acquittal entered.

## POINT OF ERROR TWO

**THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF UNLAWFUL POSSESSION OF A FIREARM BY A FELON.**

*Standard of Review*

In order for evidence to be sufficient to uphold a conviction of possession of a firearm by a felon, the State must prove that a defendant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it. *See Ramirez v. State*, 897 S.W.2d 428, 436 (Tex. App.—El Paso 1995, no pet.); *Young v. State*, 752 S.W.2d 137, 140 (Tex. App.—Dallas 1988, pet. ref'd). All evidence is viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 895, 899. Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik*, 953 S.W.2d at 240.

When the accused is not in exclusive control of the place the contraband is found, there must be independent facts and circumstances linking the accused to the contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986) (citation omitted). Factors to be considered include:

> (1) the defendant's presence when the search was conducted, (2) whether the firearm was in plain view, (3) whether the defendant was in close proximity to and had access to the firearm, (4) whether the defendant had a special connection to the firearm, (5) whether the

10

defendant possessed other contraband when arrested, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether the defendant owned or had the right to possess the place where the firearm was found, (10) whether the place where the firearm was found was enclosed, (11) whether conflicting statements on relevant matters were given by the persons involved, and (12) whether the defendant's conduct indicated a consciousness of guilt.

*Swapsy v. State*, 562 S.W.3d 161, 165 (Tex. App.—Texarkana 2018, no pet.) (citation omitted).

## *The Law*

A person who has been convicted of a felony commits an offense if he possesses a firearm after conviction and before the fifth anniversary of the person's release from confinement or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later. TEX. PENAL CODE ANN. § 46.04(a) (West 2011).

## *Application*

Here, the indictment charged Appellant with intentionally and knowingly possessing a firearm; to wit, a handgun as a convicted felon. (CR2.7). As previously argued, the State failed to prove that Appellant used anything other than a BB gun, which is not a firearm. *See* POINT OF ERROR ONE. The failure to prove that Appellant used a firearm in the charged offense is enough to reverse his conviction. As to the weapon located in the car, the State failed to establish that

11

Appellant "knew of the weapon's existence and that he exercised actual care, custody, control, or management over it." *Majors v. State*, 554 S.W.3d 802, 806 (Tex. App.—Waco 2018, no pet.) (quoting *Corpus v. State*, 30 S.W.3d 35, 37–38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

The officer who found the pistol under the passenger seat did not give a description that coincides with Bower's description of the gun she saw Appellant holding. Bower merely described the gun as a black gun. Officer Banks described the gun as a Glock subcompact pistol. (RR1.22, 25-26, 54). Additionally, Bower describes Appellant as having "guns" on the night of the offense. (RR1.26). This testimony corresponds with the testimony that Appellant had purchased two BB guns the previous night and held them when he entered the house, not a firearm. (RR1.29, 82).

The evidence was insufficient to establish that Appellant knowingly possessed the firearm located in the car. When the officers arrived, Appellant had already left the house and was seen entering the passenger side of the car. (RR1.50). There was no evidence that Appellant was running to the car or that he was carrying any weapons in his hand or moved in such a way to infer concealment of a pistol. By the time the officers approached the car, Appellant was already seated in the passenger seat and had closed the door. Other individuals were also in the car. As the officers approached they gave directions

12

for everyone to get out of the car and put their hands up. Appellant complied with all of the directions given and was cooperative. (RR1.50-51). There was no indication that Appellant made any furtive movements or attempted to conceal anything.

The officer who found the pistol could not say whether it was the same gun used in the offense and there was no indication that anyone in the house identified the gun as being the same one used in the offense. (RR1.55). The car where the pistol was found belonged to someone other than Appellant and Appellant was not in the driver's seat. Finally, this was not the same car that Appellant was in when he arrived at the house. (RR1.70-72). Thus, the State failed to affirmatively link Appellant to the firearm located in the car. *See Smith v. State*, 118 S.W.3d 838, 842 (Tex. App.—Texarkana 2003, no pet.)(Affirmative links must demonstrate that "the accused was aware of the object, knew what it was, and recognized his or her connection to it."); *see also*, *Swapsy v. State*, 562 S.W.3d 161, 165 (Tex. App.—Texarkana 2018, no pet.)(". . . mere presence of the accused at the location where a firearm is found is not sufficient, in and of itself, to establish his knowing possession.").

There are no independent facts or circumstances that link Appellant to the firearm located in the car. Furthermore, the State failed to prove that Appellant was unlawfully in possession of a handgun while he was in the house. For these

reasons, the evidence is not sufficient to support Appellant's conviction and a reversal is required.

## PRAYER

WHEREFORE, Appellant prays that this Court will vacate his convictions and enter judgments of acquittal.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief, inclusive of all applicable content, is 3,059 words in length, according to Microsoft Word, which was used to prepare the brief, and complies with the word-count limit in the Texas Rules of Appellate Procedure.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief has been served on Appellee's Counsel on Appeal, The State of Texas, Dallas County District Attorney's Office, 133 N. Riverfront Blvd., LB-19, Dallas, TX 75207-4399, by utilizing the service function in eFile Texas on this the 16 day of June, 2019.

/s/ Shara D. Saget
SHARA D. SAGET